Exhibit 13

Exhibit 13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X Civil Action No. 1:21-cv-09562-PKC
BRIAN DONNELLY AKA KAWS and
KAWS INC.,

                                    Plaintiffs,

      -against-                          ***PROPOSED***
                                     **DEFAULT JUDGMENT AND**
JONATHAN ANAND, both individually and doing   **PERMANENT INJUNCTION**
business as HOMELESS PENTHOUSE,           **ORDER**
PENTHOUSE THEORY, HIDEOUT.NYC,
INCOGNITO and YOUNG NEON, DAVID KANG,
DYLAN JOVAN LEONG YI ZHI,
THE PENTHOUSE THEORY,
THE PENTHOUSE COLLECTIVE and
OSELL DINODIRECT CHINA LIMITED,

                                    Defendants.
-----------------------------------------------------------------------X

        Plaintiffs BRIAN DONNELLY AKA KAWS ("BD") and KAWS INC. ("KI") (collectively, "Plaintiffs"), having commenced this action against Defendants DYLAN JOVAN LEONG YI ZHI ("Leong"), THE PENTHOUSE THEORY ("TPT") and THE PENTHOUSE COLLECTIVE ("TPC") (collectively, the "Defaulting Leong Defendants") by filing of a Summons and Complaint on November 18, 2021 (Dkt. 1);

        The Defaulting Leong Defendants having been properly served with the Summons and Complaint on December 21, 2021 (Dkt. 26);

        The Defaulting Leong Defendants having failed to answer the Complaint;

        Plaintiff KI being the registered owner of three trademarks (KAWS, XX and Head with XX eyes) as set forth in the following six Federal Trademark Registrations (collectively, "KAWS Registered Trademarks"):

| U.S. TM REG. NO. | TRADEMARK | REGISTRATION DATE |
|---|---|---|
| 6,046,763 | KAWS (Classes 6, 9, 14, 16, 18, 20, 25, 28) | May 5, 2020 |
| 6,047,656 | KAWS (Class 35) | May 5, 2020 |
| 6,102,259 | XX (Classes 6, 9, 18, 20, 25, 35) | July 14, 2020 |
| 6,102,260 | Head with XX eyes (Classes 25, 28) | July 14, 2020 |
| 6,116,823 | XX (Classes 18, 25) | August 4, 2020 |
| 6,852,850 | XX (Classes 14, 16, 28) | September 20, 2022 |

Plaintiff KI being the registered owner of the following two KAWS Copyrights (Companion and BFF) as set forth in the following two Federal Copyright Registrations (collectively, "KAWS Registered Copyrights"):

| COPYRIGHT REG. NO. | COPYRIGHT | REGISTRATION DATE |
|---|---|---|
| VA 2-180-272 | Companion | Dec. 2, 2019 |
| VA 2-182-652 | BFF | Dec. 12, 2019 |

The Defaulting Leong Defendants having moved to dismiss the Complaint on February 15, 2022 (Dkt. 41) and the Court having denied the motion to dismiss on September 22, 2022 (Dkt. 85);

The Defaulting Leong Defendants' counsel having moved to withdraw as counsel on October 17, 2022 (Dkt. 89) and the Court having granted the motion to withdraw as counsel on November 14, 2022 (Dkt. # 91) and having Ordered, inter alia, the following (Dkt. 91 pp. 1-2):

"The Court will conduct a case management conference for all defendants, including Dylan Jovan Leong Yi Zhi, The Penthouse Theory, The Penthouse Collective and Jonathan Anand, on January 17, 2023 at 2:00 p.m. in Courtroom 11D, U.S. Courthouse, 500 Pearl Street, New York, NY.

**DEFENDANT THE PENTHOUSE THEORY AND THE PENTHOUSE COLLECTIVE APPEAR TO BE ENTITIES AND NOT NATURAL PERSONS AND THEREFORE ARE NOT PERMITTED TO APPEAR IN THIS COURT, EXCEPT THROUGH AN ATTORNEY WHO IS ADMITTED TO PRACTICE IN THIS COURT. DEFENDANTS THE PENTHOUSE THEORY AND THE PENTHOUSE COLLECTIVE SHALL CAUSE A NOTICE OF APPEARANCE TO BE FILED BY AN ATTORNEY ADMITTED TO PRACTICE IN THIS COURT ON OR BEFORE JANUARY 4, 2023 AND SAID ATTORNEY SHALL APPEAR AT THE JANUARY 17, 2023 2:00 P.M. HEARING. FAILURE TO COMPLY WILL RESULT IN STRIKING THE NON-APPEARING DEFENDANT'S ANSWER AND THE ENTRY OF A DEFAULT JUDGMENT AGAINST IT.**

**DYLAN JOVAN LEONG YI ZHI SHALL APPEAR AT THE JANUARY 17, 2023, 2 P.M. CONFERENCE IN PERSON OR BY AN ATTORNEY ADMITTED TO PRACTICE BEFORE THIS COURT. FAILURE TO COMPLY WILL RESULT IN STRIKING DYLAN JOVAN LEONG YI ZHI'S ANSWER AND THE ENTRY OF A DEFAULT JUDGMENT AGAINST HIM.**" (**emphasis** and CAPS in original) (Dkt. #91 pp. 1-2).

The Court having issued an Order on January 13, 2023 (Dkt. # 93), which Ordered, inter alia, the following (Dkt. 93 p. 2):

"At 1:06 p.m. today, the last business day before the conference, Leong has sent an email to the Court1 seeking an adjournment. He alternatively seeks a telephone conference. He now claims that he cannot attend in person because he is a student living in Singapore without resources to fly to New York. Leong, who notes that he is 9521 miles away, most certainly knew prior to today that he had absolutely no plans to come to New York no matter how the Court ruled.

Leong subscribes his email with his name and that of The Penthouse Theory and The Penthouse Collective, the two apparent entities. To the extent the entities seek an adjournment, they are not represented, and the request is DENIED.

> With respect to Leong, his application to adjourn is also DENIED but he may participate by telephone. Dial-In No: 1-888-363-4749, Access Code: 3667981." (Dkt. 93 p. 2).

The defaulting Defendant Leong having appeared via telephone at the Civil Case Management conference held on January 17, 2023, and the Court having ruled, inter alia, the following concerning the Defaulting Leong Defendants (Dkt. 104 pp. 9 and 14):

> "So the plaintiff is free to move for a default judgment." (Dkt. 104 p. 9) and

> "Plaintiffs shall file a motion for a default judgment within 30 days. So you have 30 days to do that. And hopefully and ideally, Mr. Leong will be able to settle this case with the plaintiffs. And otherwise, the plaintiffs will have to proceed with their motion for default judgment within 30 days of today." (Dkt. 104 p. 14).

The Court having issued a Civil Case Management Plan And Scheduling Order on January17, 2023 (Dkt. 94), which ordered in paragraph 14 thereof, the following (Dkt. 94 p. 3):

> "Plaintiff shall file motion for a default judgment within 30 days." (Dkt. # 94 p. 3).

Plaintiffs having moved for and obtained a Clerk's Certificate of Default from the Clerk of the United States District Court for the Southern District of New York (Dkt. 101);

Plaintiffs having filed their Motion For a Default Judgment and Permanent Injunction and supporting papers thereto, on February 16, 2023 (Dkt. \_\_\_);

The Court, having considered the Memorandum of Law and Declarations of _____ and Nehemiah S. Glanc, Esq. in support of Plaintiffs' Motion for Default Judgment and Permanent Injunction Against The Defaulting Leong Defendants, the Complaint and the Clerk's Certificate of Default, and upon all other pleadings and papers on file in this action, it is hereby

**ORDERED, ADJUDGED AND DECREED** as follows:

### I. DEFAULTING LEONG DEFENDANTS' LIABILITY

1. **IT IS ORDERED, ADJUDGED AND DECREED** that Judgment is granted in favor of Plaintiffs on all the following causes of action against each of the Defaulting Leong Defendants, jointly and severally:

    i.    The First Cause of Action for Trademark Counterfeiting pursuant to, inter alia, 15 U.S.C. §§ 1114, 1116 and 1117;

    ii.    The Fourth Cause of Action for Trademark Infringement pursuant to, inter alia, 15 U.S.C. § 1114;

    iii.    The Seventh Cause of Action for Unfair Competition, False Designation of Origin and False Description pursuant to, inter alia, 15 U.S.C. § 1125(a);

    iv.    The Eighth Cause of Action for Trademark Dilution pursuant to, inter alia, 15 U.S.C. § 1125(c); and

    v.    The Ninth Cause of Action for Copyright Infringement pursuant to, inter alia, 17 U.S.C. § 501.

### II. DAMAGES AWARD

2. **IT IS FURTHER ORDERED, ADJUDGED AND DECREED,** that serving the compensatory and punitive purposes of the Lanham Act's and the Copyright Act's prohibitions on willful infringement, and as Plaintiffs have sufficiently set forth the basis for the statutory damages requested in their Motion for Default Judgment and Permanent Injunction, the Court awards Plaintiffs Thirty Six Million Dollars ($36,000,000.00) pursuant to, inter alia, 15 U.S.C. § 1117(c), against each of the Defaulting Leong Defendants, jointly and severally, as well as post-judgment interest at the statutory rate set forth in 28 U.S.C. § 1961(a);

# III. PERMANENT INJUNCTION

3. **IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, that within 15 (fifteen) days of the date of this Default Judgment and Permanent Injunction Order ("Order"), each of the Defaulting Leong Defendants, their respective officers, agents, servants, employees, successors and assigns, and all persons acting in concert with or under the direction, in whole or in part, of any of the Defaulting Leong Defendants, regardless of whether located in the United States or outside the United States, are permanently enjoined and restrained from:

> i. Using or utilizing any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights, or any reproductions, counterfeit copies, or colorable imitations thereof in any manner whatsoever in connection with the distribution, marketing, advertising, offering for sale, or sale of any good, product, merchandise and/or work of art (collectively, "Product") that is not a genuine KAWS Product or not authorized by Plaintiffs, pursuant to a written agreement with Plaintiffs, to be sold in connection with any of any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights;
>
> ii. Using or utilizing any reproduction, counterfeit, copy, or colorable imitation of any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights, to identify any goods, products, merchandise and/or works of art ("Products") which have not been authorized by written agreement with Plaintiffs;
>
> iii. Manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in any Products bearing or utilizing any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights, and/or marks and/or any Products that are confusingly or substantially similar to, identical to and/or constitute a counterfeiting and/or infringement of any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights;
>
> iv. Directly or indirectly infringing in any manner whatsoever any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights and/or damaging KAWS' goodwill or business reputation;
>
> v. Competing unfairly with Plaintiffs in any manner whatsoever;

vi. Utilizing or using any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights, or any other marks and/or Products that are confusingly or substantially similar to any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights, on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in any Products utilizing or bearing any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights;

vii. Secreting, concealing, destroying, altering, selling off, transferring, removing, or otherwise disposing of and/or dealing with: any Products utilizing or bearing any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights; any computer files, data, business records, documents or any other records or evidence relating to:

    a. Any of the Defaulting Leong Defendants' User Accounts;[1]

    b. Any of the Defaulting Leong Defendants' Merchant Storefronts;[2]

    c. Any of the Defaulting Leong Defendants' Assets;[3] and/or

---

[1] "User Accounts" is defined as: Any and all websites and any and all accounts with online marketplace platforms ("Online Marketplace Platforms") which include without limitation, Amazon, eBay, Etsy, AliExpress, Rakuten, Alibris, Shopee, Lazada, Taobao, Flipkart, Walmart, Newegg, Wayfair, Mercado Libre, and Cdiscounts, as well as any and all as yet undiscovered accounts and websites held by or associated with any of the Defaulting Leong Defendants, their respective officers, employees, agents, servants and all persons acting in concert or participation with any of them.

[2] "Merchant Storefronts" is defined as: Any and all User Accounts through which any of the Defaulting Leong Defendants, their respective officers, employees, agents, servants and all persons in concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Products utilizing or bearing any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights, which are held by or associated with any of the Defaulting Leong Defendants, their respective officers, employees, agents, servants and all persons in concert or participation with any of them.

[3] "Assets" is defined as: Any and all funds, money, securities or other property or assets of any of the Defaulting Leong Defendants, whether said assets are located in the United States or outside the United States.

> d. The manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of any Products utilizing or bearing or infringing any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights, by any of the Defaulting Leong Defendants and by their respective officers, employees, agents, servants and all persons in concert or participation with any of them; and

viii. Shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, any Products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear or utilize any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights or any reproductions, counterfeit copies, or colorable imitations thereof;

ix. Effecting assignments or transfers, forming new entities or associations or creating and/or utilizing any other platforms, User Accounts, Merchant Storefronts, or device(s) or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of any Products utilizing or bearing any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this Default Judgment and Permanent Injunction Order;

x. Passing off, inducing, or enabling others to sell or pass off any Product as a genuine KAWS Product or any other Product produced by KAWS, that is not a genuine KAWS Product or not produced under the authorization, control, or supervision of KAWS and approved by KAWS for sale under any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights, pursuant to a written agreement with KAWS;

xi. Using, linking to, transferring, selling, exercising control over, or otherwise owning any User Accounts and/or Merchant Storefronts, or any other device that is being used to sell or is the means by which any of the Defaulting Leong Defendants could continue to sell counterfeit KAWS Products;

xii. Engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Plaintiffs' business reputation or weaken the distinctive quality of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights, KAWS's name, reputation or goodwill;

xiii. Committing any acts calculated to cause consumers to believe that any Products are those sold under the authorization, control or supervision of KAWS, or are sponsored by, approved by, or otherwise connected with KAWS;

xiv. Using a false description or representation including words or other symbols tending to falsely describe or represent their unauthorized goods as being those of KAWS or sponsored by or associated with KAWS and from offering such goods in commerce;

xv. Infringing or diluting the KAWS Registered Trademarks and/or the KAWS Registered Copyrights by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products bearing any simulation, reproduction, counterfeit, copy or colorable imitation of any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights;

xvi. Using any simulation, reproduction, counterfeit, copy or colorable imitation of the Coach Registered Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to KAWS, or to any goods sold, manufactured, sponsored or approved by, or connected with KAWS;

xvii. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any goods and/or services provided, products manufactured, distributed, sold or offered for sale, or rented by Defendant are in any way associated or connected with KAWS, or is provided, sold, manufactured, licensed, sponsored, approved or authorized by KAWS;

xviii. Engaging in any conduct constituting an infringement of any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights, of KAWS' rights in, or to use or to exploit, said trademark and/or copyrights, or constituting any weakening of KAWS' name, reputation and goodwill;

xix. Using or continuing to use any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights or trade names or in any variation thereof on the Internet, either in the text of a website, as a domain name, or as a keyword, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index, in connection with any goods or services utilizing or bearing the KAWS Registered Trademarks and/or the KAWS Registered Copyrights;

xx. Operating and/or hosting websites and any other domain names registered or operated by any of the Defaulting Leong Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any Product

bearing or utilizing any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights or any reproductions, counterfeit copies, or colorable imitations thereof that is not a genuine KAWS product or not authorized by Plaintiffs, pursuant to a written agreement with Plaintiffs, to be sold in connection with any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights;

xxi. Hosting or acting as Internet Service Provider for, or operating or engaging in the business of selling any web site or other enterprise that offers for sale any goods or products utilizing or bearing any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights;

xxii. Acquiring, registering, maintaining or controlling any domain names that include any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights or any marks or images confusingly similar thereto, activating any website under said domain names, or selling, transferring, conveying, or assigning any such domain names to any entity other than KAWS;

xxiii. Using any e-mail address(es) to offer for sale any nongenuine products or goods bearing or utilizing counterfeits of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights; and

xxiv. Having any connection whatsoever with any websites that offer for sale any merchandise bearing or utilizing counterfeits or infringements of any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights; and

3. **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that within 15 (fifteen) days of the date of this Order, the Defaulting Leong Defendants must deliver up for destruction to Plaintiffs any and all Products utilizing or bearing any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights, and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of any of the Defaulting Leong Defendants that infringe any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights, and/or utilize or bear any marks and/or artwork that are confusingly or substantially similar to any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights, pursuant to, inter alia, 15 U.S.C. § 1118; and

4. **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that each of the Defaulting Leong Defendants, their respective officers, agents, servants, employees, successors and assigns, and all persons acting in concert with or under the direction, in whole or in part, of any of the Defaulting Leong Defendants, regardless of whether located in the United States or outside the United States, are permanently enjoined and restrained from instructing, directing, aiding or abetting, directly or indirectly, any person or entity in engaging in any of the activities referred to in Paragraphs 2. and 3. above; and

5. **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that within 15 (fifteen) days of the date of this Order, each and all of the Defaulting Leong Defendants shall take all steps necessary to remove from all websites in which any of the Defaulting Leong Defendants own or control, in whole or in part, directly or indirectly, all text or any other media whatsoever utilizing or bearing any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights or any marks or images confusingly similar hereto; and

6. **IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, that within thirty (30) days of the date of this Order, each of the Defaulting Leong Defendants shall file and serve Plaintiff with a sworn statement setting forth in detail the manner and form in which each of the Defaulting Leong Defendants has complied with this Order, including without limitations, its injunctive provisions; and

### IV.  MISCELLANEOUS RELIEF

7. **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that any failure by any of the Defaulting Leong Defendants to comply with any of the terms of this Order shall

be deemed contempt of Court, subjecting the Defaulting Leong Defendants to contempt remedies to be determined by the Court, including without limitation, fines and seizures of property; and

8. **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that until Plaintiffs have recovered full payment of monies owed by any of the Defaulting Leong Defendants pursuant to this Order, Plaintiffs shall have the authority and/or ongoing authority to serve this Order on any Online Marketplace Platforms and/or on any Merchant Storefronts in the event that Plaintiffs identify and/or locate any User Accounts controlled and/or operated, in whole or in part, by any of the Defaulting Leong Defendants; and

9. **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that upon receipt of this Order by any Online Marketplace Platform and/or by any Merchant Storefront, such Online Marketplace Platform and/or Merchant Storefront, shall within two (2) business days:

   i. Locate all accounts, funds and/or User Accounts connected to any of the Defaulting Leong Defendants;

   ii. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or any other of the Defaulting Leong Defendants' Assets; and

   iii. Release all monies restrained in any of the Defaulting Leong Defendants' accounts to Plaintiffs as partial payment of the damages set forth in this Order, within ten (10) business days of receipt of this Order.

10. **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that as the Court finds that the Defaulting Leong Defendants' acts constitute willful and/or malicious injury to KAWS and/or KAWS's property under 11 U.S.C. § 523(a)(6), the sums awarded to Plaintiffs herein are not dischargeable in any bankruptcy proceeding filed by any of the Defaulting Leong Defendants; and

11. **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction over this matter and the parties, including without limitation personal jurisdiction and subject matter jurisdiction, for purposes enforcement, interpretation and construction of this Order.

**SO ORDERED.**

SIGNED this _____ day of _____, 2023.

_____
P. Kevin Castel
United States District Judge