Exhibit 7

Exhibit 7

Case 1:21-cv-09562-PKC   Document 84   Filed 07/27/22   Page 1 of 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

BRIAN DONNELLY AKA KAWS and
KAWS INC.,

                          Plaintiff,

                    -against-

JONATHAN ANAND, both individually
and doing business as HOMELESS
PENTHOUSE, PENTHOUSE THEORY,
HIDEOUT.NYC, INCOGNITO and
YOUNG NEON, DAVID KANG, DYLAN
JOVAN LEONG YI ZHI,
THE PENTHOUSE THEORY,
THE PENTHOUSE COLLECTIVE
and OSELL DINODIRECT CHINA
LIMITED,

                         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No.: 1:21-cv 9562 (PKC)

**ANSWER TO COMPLAINT**

      Defendants, Jonathan Anand. Both individually and d/b/a Homeless Penthouse, Penthouse Theory, Hideout. NYC, and Incognito (Collectively Known as "DEFENDANTS") through their attorney Sanjay Chaubey answer the complaint and state upon information and belief as follows:

1. Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1, 2, 9, 10, 11, 13, 16, 17, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 31, 32, 34, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 77, 80, 81, 82, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 117, 118, 119, 120,

121, 122, 123, 124, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 161, 170, 171, 179, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219 , 220, 221 of the Complaint.

2. With regards to paragraph 3 of the complaint, Defendant admits that during Covid 19, Defendant resided in state of Virginia however Defendant is a Citizen of United States and engaged in Internet based Business (E-Commerce) located in Country of China and in ordinary course of business, Defendant resides in City of Shenzhen, China, and Hong Kong. Defendant used a U.S. address for the purposes of facilitating returns from customers. Rest of the contents of paragraph 3 are denied.

3. Contents of Paragraphs 4, 5, 6, and 7 are admitted to the extent that Penthouse Theory, Hideout. NYC, Incognito, and Young Neon are marketing entities for online sales.

4. Defendant denies the allegations contained in Paragraph 12, 30, 33, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 78, 79, 125, 126, 127, 128, 162, 163, 164, 165, 166, 167, 168, 172, 173, 174, 175, 176, 177, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, and 190 of the Complaint.

5. Paragraphs 14, 15, 18, 19, 39, 83, 84, 85, and 86 of the Complaint contain legal conclusions, not allegations, and thus no response is required. To the extent any response is required, Defendant denies each and every one of these allegations as it its related to Defendant Anand but lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations against the remaining Defendants.

6. In response to the incorporation clause contained within Paragraphs 76, 87, 101, 116, 129, 144, 160, 169, 178, 191, and 206 of the Amended Complaint, Defendants incorporate their respective answers to each allegation so referenced.

## FIRST AFFIRMATIVE DEFENSE

7. The Complaint fails to state facts sufficient to constitute any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

8. The complaint and complainant have failed to demonstrate any wrongdoing by Defendant Anand. Plaintiff states that Defendants have conducted and are conducting the counterfeiting and infringing activity within this judicial district and elsewhere throughout the United States. It is stated that all the alleged goods are routinely available on internet e-commerce website like *Alibaba* and *eBay* to name some. Defendant as a retail reseller ordered these products from whole sellers and sold on his website.

3

## THIRD AFFIRMATIVE DEFENSE

9. The court does not have subject matter jurisdiction over Defendant.

## FOURTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims are barred by the doctrine of laches, waiver, equitable estoppel and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

11. The Defendant has, at all material times with respect to Plaintiff, acted in or believed they acted in good faith in an effort to comply fully with all relevant federal, state and city laws.

## SIXTH AFFIRMATIVE DEFENSE

12. To the extent that Plaintiff seeks punitive damages, Plaintiff is not entitled to punitive damages, as the Defendant did not act or fail to act in a manner sufficient to give rise to punitive damages liabilities.

## SEVENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims are barred to the extent that its alleged damages are speculative, uncertain, and hypothetical.

## EIGHTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims are barred to the extent that the expenses incurred by Defendant in connection with their alleged use of the alleged trademarks, and/or copyrights exceeded their revenues in connection with such alleged use.

## NINTH AFFIRMATIVE DEFENSE

15. Plaintiff has abandoned the alleged trademarks and alleged copyrights.

## TENTH AFFIRMATIVE DEFENSE

16. Plaintiff's conduct with regards to the matters alleged in the Complaint was such that Plaintiff is barred by the equitable doctrine of unclean hands from obtaining the relief requested against Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

17. Plaintiff is claiming exclusive right and ownership on the product which is commercially available in the market.

## TWELFTH AFFIRMATIVE DEFENSE

18. Some or all of the damages alleged by Plaintiff, if any, are to be offset by the damage sustained by Defendant as a result of Plaintiff's conduct.

### THIRTEENTH AFFIRMATIVE DEFENSE

19. Plaintiff failed to personally serve the Defendant, pursuant to the Federal Rules of Civil Procedure.

### FOURTEENTH AFFIRMATIVE DEFENSE

20. Defendant denies that it is responsible or liable in any way for the damages or loss alleged in the Complaint. However, if Defendant is found to be liable or responsible for any or all of the alleged damages or loss, Defendant alleges that it, if any, is not the sole proximate cause of the damage or loss, that the damage awarded to Plaintiff, if any, should be apportioned according to state law by each parties' respective fault and legal responsibility of all parties, persons and entities, and their agents, servants, and employees who contributed to and/or cause such damages or loss according to the proof presented at the time of trial.

### FIFTEENTH AFFIRMATIVE DEFENSE

21. At all times, Defendant acted in a commercially reasonable and lawful manner. Each and every act or statement done or made by Defendant was a good faith assertion of the Defendant's rights and, therefore, was privileged and justified.

### SIXTEENTH AFFIRMATIVE DEFENSE

22. Plaintiff failed to protect and/or enforce its alleged rights, and/or engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligent act, omission, or any other conduct, if any, as set forth in the Complaint.

6

## SEVENTEENTH AFFIRMATIVE DEFENSE

23. Plaintiff, though under an affirmative duty to do so, failed and neglected to mitigate its alleged damages, if any, and cannot recover against Defendant, whether as alleged of otherwise.

## EIGHTEENTH AFFIRMATIVE DEFENSE

24. The damages suffered by Plaintiff, if any, were the direct and proximate result of the acts, omission, or negligence of persons or entities other than Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

25. Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional defenses, including but not limited to, res judicata and collateral estoppel, in the event that the discovery indicates that it would be appropriate.

## DEMAND FOR RELIEF

WHEREFORE, defendant demands judgment as follows:

a. Dismissing the complaint with prejudice.

b. Awarding defendant costs and disbursements of this action.

c. Granting defendant such other and further relief as the Court deems just and proper.

Dated: July 27, 2022

New York, NY

/s/ *Sanjay Chaubey*

SANJAY CHAUBEY, Esq.
*Attorney for Defendants*
*Jonathan Anand, individually and doing business as Homeless Penthouse, Penthouse Theory, Hideout NYC, Incognito and Young Neon*

Graybar Building
420 Lexington Avenue Suite 2148
New York, NY 10170
Phone: (212) 563-3223
chaubeylaw@gmail.com

To:   AARON RICHARD GOLUB, ESQUIRE, P.C. (via ECF)
Aaron Richard Golub, Esq.
*Attorneys for Plaintiff*
35 East 64th Street-Suite 4A New York, NY 10065
Tel: (212) 838-4811

HENG WANG & ASSOCIATES, P.C. (via ECF)
Heng Wang, Esq.
*Attorneys for Defendants*
*Dylan Jovan Leong Yi Zhi, The Penthouse Theory,*
*and The Penthouse Collective*
305 Broadway, 7th Floor New York, NY 10007
(212) 203-5231
Heng.wang@wanggaolaw.com

RHA KIM GROSSMAN & MCILWAIN, LLP (via ECF)
Leopold Raic, Esq.
*Attorneys for Defendant*
*David Kang*
266 W 37th St, Suite 1600
New York, NY 10018
Tel: (718) 321-9797

8