Exhibit 8

Exhibit 8

N1HGdonC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

BRIAN DONNELLY, et al.,

                Plaintiffs,

       v.                                21 Civ. 9562 (PKC)

JONATHAN ANAND, et al.,
                                         Conference
                Defendants.
------------------------------x
                                         New York, N.Y.
                                         January 17, 2023
                                         2:30 p.m.

Before:

                     HON. P. KEVIN CASTEL,

                                         District Judge

                          APPEARANCES

AARON RICHARD GOLUB, ESQUIRE P.C.
     Attorneys for Plaintiffs Jonathan Anand
BY:  NEHEMIAH S. GLANC

LAW OFFICES OF SANJAY CHAUBEY
     Attorneys for Defendants
BY:  SANJAY CHAUBEY

DYLAN JOVAN LEONG, PRO SE (via telephonic conference)
```

|     |                                                                 |
| --- | --------------------------------------------------------------- |
| 1   | (Case called)                                                    |
| 2   | THE DEPUTY CLERK:  For the plaintiff.                            |
| 3   | MR. GLANC:  Nehemiah Glanc of Aaron Richard Golub, PC            |
| 4   | for both plaintiffs.                                             |
| 5   | THE COURT:  Thank you.                                           |
| 6   | And appearing today for defendant.  Which defendant              |
| 7   | are you appearing for?                                           |
| 8   | MR. CHAUBEY:  Your Honor, I represent Jonathan Anand             |
| 9   | and other entities doing business as Homeless Penthouse,         |
| 10  | Penthouse Theory, High Doubt Inc. and Incognito.  Good           |
| 11  | afternoon, your Honor.                                           |
| 12  | THE COURT:  Good afternoon.                                      |
| 13  | Also, on the telephone line, who do I have?                      |
| 14  | MR. LEONG:  Your Honor, this Dylan Jovan Leong.  I am            |
| 15  | representing myself and my two entities, The Penthouse Theory    |
| 16  | and The Penthouse Collective.                                    |
| 17  | THE COURT:  Good afternoon, Mr. Leong.  I'm going to             |
| 18  | tell you what you already know.  So this is where we are in      |
| 19  | this case, and this should all be known to everyone in the case  |
| 20  | because they have been in the case through this.  So the action  |
| 21  | was commenced on November 18th, 2021.  And thereafter, there     |
| 22  | was a motion to dismiss filed by the so-called Singapore         |
| 23  | defendants, and the Singapore defendants were Mr. Leong, an      |
| 24  | entity called The Penthouse Theory and a second entity called    |
| 25  | The Penthouse Collective.  And the Court issued a 20-page        |

opinion and order on September 22nd, 2022 denying the three defendants' motion to dismiss.  Thereafter, counsel for the three defendants -- meaning Mr. Leong individually, The Penthouse Theory and The Penthouse Collective sought an extension of time to answer or move in this case, and the Court granted that.

During the period of adjournment, counsel for Leong and the two entities moved to withdraw as counsel.  And he submitted a declaration in which he attached an email to Mr. Leong, in which he pointed out that, despite my multiple requests, you have not fulfilled your financial obligations.  In addition, you advise that you will not answer the complaint.  Please take notice that if these two issues are not resolved by October 11, 2022, this law firm will move to withdraw as counsel.  And as noted, they did.  And they recited that the lawyer was advised by the clients, the three defendants -- Leong, The Penthouse Theory and The Penthouse Collective -- that they would not be able to answer the complaint after consulting with their Singapore counsel.  We are not at liberty to discuss the legal reasons behind the clients' decision based on their Singapore counsel's advice.

Well, on November 14th, the Court granted the motion to withdraw.  And in that order granting the motion to withdraw, I set today's conference.  And the Court in solid caps, boldface wrote, "The defendant, The Penthouse Theory and

1  The Penthouse Collective appear to be entities and are not
2  individual persons, and therefore, are not permitted to appear
3  in this court except through an attorney who is admitted to
4  practice in this court.  Defendants, The Penthouse Theory and
5  The Penthouse Collective, shall cause a notice of appearance to
6  be filed by an attorney admitted to practice in this court on
7  or before January 4, 2023 and said attorney shall appear at the
8  January 17th, 2023 2:00 p.m. hearing.  Failure to comply will
9  result in striking the nonappearing defendants' answer and the
10 entry of a default judgment against it."  The order goes on to
11 say that, "Dylan Jovan Leong shall appear at the January 17,
12 2023 2:00 p.m. conference in person or by an attorney admitted
13 to practice before this court.  Failure to comply will result
14 in striking Dylan Jovan Leong's answer and the entry of a
15 default judgment."  And I ordered that my order be served on
16 the defendants, and it was so served and I have a declaration
17 of service that was filed on November 18th, 2022.
18         On last Friday, the last business day before this
19 conference, at approximately 1:00 o'clock in the afternoon,
20 1:06 in the afternoon, I received an email from Mr. Leong in
21 which he sought an adjournment or alternatively to participate
22 by telephone.  And he claims that he cannot attend in person
23 because he is a student living in Singapore without resources
24 to fly to New York and that he it 9,521 miles away.
25         Well, most certainly, Mr. Leong knew he was not

1  attending today before he asked for this conference to be
2  adjourned.  And he never asked for an adjournment before last
3  Friday at 1:00 o'clock in the afternoon.
4          The Court has received no communication from any
5  lawyer on behalf of either of the entities.  And if Mr. Leong
6  didn't know it before, he knew it as a result of my
7  November 14th order, that The Penthouse Theory and The
8  Penthouse Collective could only appear by an attorney admitted
9  to practice in this court.  That was in boldfaced, solid cap
10 letters and sent to Mr. Leong.  So Mr. Leong knows by reason of
11 that order that these entities may not appear except by an
12 attorney admitted to practice.
13         MR. LEONG:  Your Honor --
14         THE COURT:  Excuse me, sir, I'm speaking.
15         I further note that no notice of appearance was filed
16 by either entity by the date set in my order, which was
17 January 4th, 2023.  And I also note that none of the three
18 defendants, including Mr. Leong, have answered the complaint in
19 this action.
20         Now, Mr. Leong, is there anything you wish to say?
21         MR. LEONG:  With due respect, I do not have counsel to
22 advise me regarding this, and I have no knowledge prior to this
23 about court procedures.  I was actually emailing many USA
24 lawyers to see if they can take up the case.  It was the end of
25 the year, I could not get any response.

I'm here to represent my two entities as well; The Penthouse Theory and The Penthouse Collective, because they were registered as sole proprietors, proprietorship, meaning to say that these do not have a -- separate legal entities and I believe that they were one along with me, I am one. And so I did not know about any -- that I had to be -- the two entities has to be represented by an attorney.

And also, I didn't agree to the previous counsel discharging himself because the reason for him discharging himself was that he did not get paid. That is blatantly untrue. I would like to clarify that I paid a sum of $40,000 USD, which was my life savings, for representing me on the motion to dismiss. And I believe he represented to the Court that I did not pay him. That is not true at all.

As for the instructions not to file the answer, I was -- I actually explained to him that I was looking for other alternatives, such as appealing the motion or settlement talks instead of filing an answer to complaint. And given my financial -- extreme financial limitations after the motion to dismiss, I am unable to attend. I have physical classes in Singapore, and I was unable to travel to New York just for the case.

And currently, I am in settlement talks with the plaintiffs' counsel, I'm try my best to do the responsible thing, to show up. And I'm not sure that the US courts can

1    facilitate that.  I understand you have given me until the end
2    of Wednesday, 18 January, 11:59 p.m. for an answer, and I'm not
3    sure the US courts can facilitate the settlement talks.
4             THE COURT:  Anything else, Mr. Leong?
5             MR. LEONG:  Your Honor, I believe that the plaintiff
6    brought me into this suit for -- because I'm completely not
7    connected to Jonathan Anand.  I am from Singapore, as I
8    mentioned.  I have never been to the US, never met any other
9    defendants.  I don't believe I should be in this lawsuit.  I'm
10   here to the court of whatever has happened.  And this is by no
11   means my entering an appearance, but I do wish to do the
12   responsible thing.
13            I am still currently waiting on how I can do the
14   settlement talks.  And I believe my website, The Penthouse
15   Theory, is extremely similar to the website that Jonathan Anand
16   has created, misleading people to think that we are one.  And I
17   believe that the plaintiffs found -- say I was working for
18   Anand as an intern.  I would like to state on the record that I
19   have zero connections.  Again, I have never worked for him,
20   never spoke with him, never with him, I have never been to the
21   US.  And I can prove this as a freedom of information speech as
22   well.  I have nothing to do with Jonathan Anand who runs
23   Homeless Penthouse.  And I believe that this is something that
24   is very, very important for me to state.
25            THE COURT:  Thank you very much, sir.

1    I will note for the record that the motion to withdraw
2    filed by Mr. Wang has a certificate of service annexed to it,
3    which states that Mr. Wang served the motion to withdraw upon
4    Dylan Leong, The Penthouse Theory and The Penthouse Collective.
5    That was the motion that made the assertion that he was
6    directed not to file an answer and annexed a copy of an email
7    to Mr. Leong referring to the direction not to answer.
8    　　The Court did not immediately grant the motion to
9    withdraw.  The Court waited to see if there was a response from
10   any of the defendants.  No defendant responded to the motion to
11   withdraw.  Then, and only then, it was granted.  And the Court
12   put in the additional requirement that Wang had to serve a copy
13   of the order on the defendants.  And he filed an affidavit four
14   days after the order indicating that he had so served the
15   defendants.  And that order made it clear to anyone -- and
16   again, solid caps, boldface -- that the two entities are not
17   natural persons, and therefore, are not permitted to appear in
18   this court except through an attorney who is admitted to
19   practice in this court.  At no time has anyone, up until today,
20   suggested that they are not entities.  One who is of that
21   viewpoint would have taken care to make that point.  Not even
22   made in the January 13th communication with the Court.  Nowhere
23   made anywhere.  And no request for an adjournment was filed
24   prior to the last business day before the conference.
25   　　If it is in fact the case that Mr. Leong is without

1    resources, is he asserting that he was with resources in
2    December when he was looking for counsel to represent him, but
3    that the change of circumstances has only occurred in recent
4    days?  Because that I don't hear in his statement to the Court.
5            So the plaintiff is free to move for a default
6    judgment.  For one thing, apart from the nonappearance of The
7    Penthouse Collective or The Penthouse Theory, they, like Dylan
8    Leong, have not answered the complaint, and their time to do so
9    has passed.  In fact, I don't recall seeing anything in the
10   January 13th application requesting an extension of time to
11   answer the complaint.
12           With regard to contentions about whether this court
13   has in personam jurisdiction, I repeat, it was a 20-page
14   opinion and order, a very thorough opinion and order denying
15   the motion to dismiss on personal jurisdiction grounds.  That
16   remains an order of the Court.  And at the time of final
17   judgment in this case, the defendants have the right to appeal
18   that.
19           Now, it's my sincere hope that the parties can resolve
20   this and resolve this dispute amicably.  And if they can do so
21   this week, that's all the better.  But I'm not going to
22   restrict the plaintiff from proceeding with the motion.  They
23   may be very well advised to settle the matter, close the matter
24   out and be done with it, rather than engaging in further rounds
25   of motion practice.  So that's where I am.

1     Does the plaintiff have a case management plan for
2 remaining proceedings in this case?
3     MR. GLANC:  Not one that has been discussed with the
4 appearing defendant.
5     THE COURT:  What is being discussed?
6     MR. GLANC:  I said, we don't have a case management
7 plan that has been discussed with the remaining defendant who
8 is appearing.
9     THE COURT:  Why not?
10    MR. GLANC:  Because we haven't discussed it, Judge.
11    THE COURT:  Why haven't you?  This is the initial
12 conference.  Why not?
13    MR. GLANC:  Because one of the attorneys -- the
14 attorney who is the principal on the case is on paternity
15 leave.  He just had a child a week and a half ago.
16    THE COURT:  When did Mr. Anand answer the complaint?
17    MR. GLANC:  Mr. Anand answered the complaint -- I have
18 it here -- I think in July, late July; July 27th.
19    THE COURT:  So why wasn't there discussion of a case
20 management plan then?
21    MR. GLANC:  I'm not sure, Judge.  I'm not sure, Judge.
22    THE COURT:  Well, you are the plaintiffs' lawyer.  How
23 much time do you need to complete discovery in this case?
24    MR. GLANC:  I don't think the -- the out date is six
25 months, but I would request -- I think we may need a little

1   more, but I would request, because the principal attorney on
2   the case is not coming back to the office until March 1st
3   because he's on paternity leave, I would request that we add an
4   additional 45 days to that.
5           THE COURT:  What's the defendant's position with
6   regard to the discovery period?
7           MR. CHAUBEY:  Your Honor, to be precise, we had filed
8   our answer on 27th of July '22.
9           THE COURT:  Please be seated plaintiffs' counsel.
10  This way, when I have only one person standing in the
11  courtroom, it is very clear only one person should be speaking.
12  That's why I have that rule.
13          Go ahead.
14          MR. CHAUBEY:  Your Honor, you know the background of
15  the case by now.  So many defendants were brought in.  Our
16  still the opinion and stand is that there is no violation of
17  intellectual property involved in this case.  It's only a case
18  of the retail reseller.  I don't want to be a witness in the
19  case, but I have seen on many websites these products are being
20  sold at the wholesale and retail, and anybody can buy and sell
21  these products as a reseller from very reputed internet
22  marketing companies, like Alibaba and eBay.
23          Your Honor, we don't believe that there is a lot of
24  discovery we are looking for.  We have pretty much everything
25  being provided as registered trademark numbers and all.  So we

1  don't believe that it will be extended discovery.  It will be
2  very short discovery on part of my clients.
3          THE COURT:  Do you have a proposal you want to make to
4  me?
5          MR. CHAUBEY:  Your Honor, within 45 days, we can
6  formulate -- and as I'm told by the counsel prior to this
7  conference, that the attorney who is handling the case for
8  plaintiff is on paternity leave, I will extend my courtesy and
9  to extend the time to they want.  And then we can exchange our
10 interrogatories and deposition requests, if any.  And after 45
11 days, after March 15, whatever comes and says, I will cooperate
12 and work with him.  And then we can have depositions and
13 interrogatories exchanged, your Honor.  I would say that it
14 should go somewhere near May 2023, your Honor.
15         THE COURT:  And what date is the plaintiff proposing
16 for the close of fact discovery?
17         MR. GLANC:  I would propose six months.
18         THE COURT:  I heard you before.  Plus 45 days.
19         MR. GLANC:  Plus 45 days, yes.
20         THE COURT:  I asked you what day you are proposing?
21 You want me to do it?  You're not going to do it?  Come on.
22         MR. GLANC:  I think July, end of July, Judge, or
23 middle of August.
24         THE COURT:  I'll make it August 11th.
25         Is there any expert discovery in this case?

1          MR. GLANC:  Yes, there will be expert discovery.

2          THE COURT:  I'll make the fact discovery period

3   July 28 and expert discovery will be closed as of

4   September 8th.

5          MR. GLANC:  Judge, can I push everything forward one

6   month; instead of July 28th, August 28th, and instead of

7   September 8 make it October 8?  Is that possible?

8          THE COURT:  If there is a need to further extend it, I

9   will consider an application.  But that is a most generous

10  period.  Given the allegations in the complaint, this is not a

11  big case.  I don't understand it.  Really, how many photographs

12  are we talking about?

13         MR. GLANC:  We're talking about a lot of items and now

14  we have discovered --

15         THE COURT:  How many photographs are we talking about?

16         MR. GLANC:  Over a hundred items.  And we have

17  discovered that there were more items since the lawsuit was

18  filed.  In fact, recently, we discovered that.

19         We'll abide by the Judge's dates.

20         THE COURT:  Can we have a date in late September,

21  please, Flo.

22         THE DEPUTY CLERK:  Yes.  Make it October because we

23  have a trial.

24         THE COURT:  That's fine.

25         THE DEPUTY CLERK:  October 3rd at 11:00 a.m.

1        THE COURT:  So the issues of consent to further
2   proceedings before a magistrate judge are -- I have written
3   down TBD, meaning to be determined.  The same with whether the
4   case is to be tried to a jury or not; TBD.  Amended pleadings
5   may not be filed and additional parties may not be joined,
6   except with leave of the Court.  Any motion to amend or motion
7   to join additional parties shall be filed within 30 days from
8   the date of this order.  Initial disclosures shall be served in
9   14 days from the date of this order.  Fact discovery closes
10  July 28, 2023.  Expert discovery closes on September 8th, 2023.
11  And the length of trial is to be determined.
12       Plaintiffs shall file a motion for a default judgment
13  within 30 days.  So you have 30 days to do that.  And hopefully
14  and ideally, Mr. Leong will be able to settle this case with
15  the plaintiffs.  And otherwise, the plaintiffs will have to
16  proceed with their motion for default judgment within 30 days
17  of today.
18       Is there anything further from the plaintiff?
19       MR. GLANC:  Yes, Judge.
20       Just following fact disclosure, will the plaintiff
21  have an opportunity to amend, in case we discover things during
22  discovery that may require an amendment of the complaint?
23       THE COURT:  If you heard a moment ago, I said that the
24  order provides that any motion to amend or motion to join
25  additional parties shall be filed within 30 days of this order.

|   |   |
|---|---|
| 1 | So you will certainly have the defendants' additional -- you'll |
| 2 | have their initial disclosures in hand at the time, but that's |
| 3 | the order I'm setting. |
| 4 |     MR. GLANC:  Thank you, Judge. |
| 5 |     THE COURT:  So you have 30 days from today to move to |
| 6 | amend or to join additional parties.  And we'll see what |
| 7 | happens with the motion if you make one. |
| 8 |     Anything further from defendant Anand? |
| 9 |     MR. CHAUBEY:  Your Honor, our concerns are the same |
| 10 | that during the depositions and discovery at length, we might |
| 11 | come across that how and when the product was being sold |
| 12 | through which other entities, which we may have a counterclaim |
| 13 | on, a crossclaim against.  And at that point, we would need to |
| 14 | make a motion to add third-party complaint or add certain other |
| 15 | parties which we may have a crossclaim against as defendant. |
| 16 |     THE COURT:  Well, the Court has set a deadline for |
| 17 | motions.  If you wish to make a motion after that deadline, |
| 18 | then you have to show good cause under Second Circuit case law |
| 19 | and the plain text of Rule 16.  And so that's the way the law |
| 20 | operates.  I am setting a date, as I'm required to set a date, |
| 21 | for any motions to amend or to join additional parties, and |
| 22 | that's 30 days from today.  You need good cause to modify that |
| 23 | at a later point in time. |
| 24 |     MR. CHAUBEY:  Understood, your Honor. |
| 25 |     THE COURT:  Mr. Leong, is there anything further from |

1   you?

2           MR. LEONG:  Your Honor, I just wanted to say that, for
3   the fact that my two entities are sole proprietorships, I
4   actually explain it to my previous counsel, that it seems like
5   he was negligent, he did not advise me adequately.  And I do
6   not know US law procedures or any law procedures.  I also did
7   not know that I could oppose the motion to discharge the
8   lawyer.  But I do remember explicitly sending him an email to
9   say to stay on the case and not to discharge himself.

10          I would also like to state that I just emailed asking
11  for many US lawyers to see if they can do pro bono for me.  But
12  as you can imagine, it's been very, very difficult, including
13  with the time difference I have with US.

14          Currently, as I've mentioned, I'm doing settlement
15  talks, and I think that is what I hope for.  But I'm not sure
16  if that can be done with myself and the two entities as well.

17          THE COURT:  Well, let me make it plain that one of the
18  grounds for default, it appears, is -- let's assume that The
19  Penthouse Theory and The Penthouse Collective are not separate
20  entities, that they're not entities, that they're a sole
21  proprietorship and basically the plaintiff has succeeded in
22  doing nothing more than suing you alone, if we proceed from
23  that assumption, you are still in default in answering the
24  complaint.

25          MR. LEONG:  Yes, I understand.

1    THE COURT: I would say to you that -- and I'm not in
2    a position to give you legal advice -- but one might think that
3    you would want to cure your default and you should retain
4    counsel to advise you. I realize the difficulties, but the
5    Court has found for reasons explained at great length that
6    there is personal jurisdiction over you and over The Penthouse
7    Collective and The Penthouse Theory. That's already been
8    determined in this case. That's behind us.
9             So I wish you the best. I hope you are successful in
10   settling this case. And if you are not, you should consider
11   getting counsel or otherwise taking steps to cure any default
12   that has taken place in this case.
13            Do you understand, Mr. Leong?
14            MR. LEONG: Yes. Thank you.
15            THE COURT: You're quite welcome.
16            Anything else from the plaintiff?
17            MR. GLANC: No, Judge. I think that's it.
18            THE COURT: And nothing else from Mr. Anand?
19            MR. CHAUBEY: No, your Honor. Thank you.
20            THE COURT: Thank you all very much for coming in
21   today. Thank you, Mr. Leong. We are adjourned.
22            (Adjourned)
23
24
25