Exhibit 14

Exhibit 14

Aaron Richard Golub, Esquire, P.C.
Lawyers

24 East 64th Street- Fifth Floor
New York, New York 10065

(212) 838-4811
Facsimile (212) 838-4869

June 27, 2023

**VIA ECF**
The Honorable P. Kevin Castel
United States Courthouse
Courtroom 11D
500 Pearl Street
New York, New York 10007

Re:   Brian Donnelly AKA KAWS et al v. Jonathan Anand et al,
      Civil Action No. 1:21-cv-09562 (PKC) (BCM)

Dear Judge Castel:

This office represents Plaintiffs in the above-captioned action. Plaintiffs submit this
letter and respectfully request a conference with the Court pursuant to Paragraph 3(B) of Your
Honor's Individual Practices in Civil Cases and Local Civil Rule 37.2.

### *BACKGROUND AND PROCEDURAL FACTS*

On March 1, 2023, Plaintiff served Defendant Jonathan Anand ("JA") with Plaintiffs'
First Set of Document Requests ("Plaintiffs' Document Requests") (Ex. 1) and Plaintiffs' First
Set of Interrogatories ("Plaintiffs' Interrogatories") (Ex. 2). On April 10, 2023, Defendant JA
served Plaintiffs with Defendants' Responses to Plaintiffs' First Set of Document Request [sic]
("JA's Document Request Responses") (Ex. 3) and Defendants' Responses to Plaintiffs' First Set
of Interrogatories ("JA's Interrogatory Responses") (Ex. 4).

On April 18, 2023, Plaintiffs' counsel emailed JA's counsel (Ex. 5), requesting a
telephonic meet-and-confer to discuss JA's woefully deficient Document Request Responses and
Interrogatory Responses. On April 20, 2023, Plaintiffs' counsel and JA's counsel participated in
a lengthy telephonic meet-and-confer in which Plaintiffs' counsel painstakingly explained—
discovery request by discovery request—all of the ways in which JA's Responses were legally
insufficient. JA's counsel agreed to email Plaintiffs' counsel, by April 27, 2023, amended and
supplemental discovery responses that would address the myriad deficiencies highlighted by
Plaintiffs' counsel during the meet-and-confer.

Instead, on April 27, 2023, JA's counsel emailed Plaintiffs' counsel a corrected e-mail
address for Defendant JA and a single mystifying sentence: "For document request [sic], the
Defendants do not possess any such documents and will provide an affidavit for the same" (Ex.
6). On April 28, 2023, Plaintiffs' counsel emailed JA's counsel (Ex. 7), requesting confirmation
that, contrary to JA's counsel's representation during the meet-and-confer, Defendant JA is
refusing to provide Plaintiffs with additional amended and supplemental discovery responses.

Aaron Richard Golub, Esquire, P.C

The Honorable P. Kevin Castel
June 27, 2023

On June 13, 2023, JA's counsel emailed Plaintiffs' counsel Defendants' Affidavit in Response to Defendant's [sic] Discovery Demands ("JA Aff.") (Ex. 8), rife with conclusory and facially incorrect statements, including, inter alia:

(i)     "I further state that it is not correct to state that I have failed to comply with the discovery request made by the Plaintiff [sic]" (Id., ¶4);

(ii)    "I further state that I have substantially complied with Plaintiffs' demands and requests and have provided all answers and responses to the best of my ability and availability" (Id., ¶6);

(iii)   "I further state that I do not possess any of the documents requested by the Plaintiff [sic] except for those already provided to Plaintiff's [sic] attorney via email on April 10, 2023" (Id., ¶8);[1]

(iv)    "I further state that I did not own nor possess any interest in any of the businesses as mentioned in this matter except for Homeless Penthouse, which is a media outlet and online magazine" (Id., ¶9);

(v)     "I further state that I was not responsible for ordering and never a part of the day-to-day operations of the businesses in this matter.  I did not manage and nor supervise the businesses.  I only offered marketing services for some of these businesses" (Id., ¶11);

(vi)    "I further state that the documents, demands, and requests which are relevant to this case have been provided by me to the Plaintiff's [sic] attorney" (Id., ¶12);

(vii)   "I further state that despite complying with all the demands and requests by Plaintiff [sic], the Plaintiff [sic] continues to make demands only with an ulterior motive to burden, harass, and pressure me because the Plaintiff [sic] understands these documents don't exist and is well aware that the products to which he refers in his demands are easily available on any website like eBay, Amazon, and Alibaba to name a few.  Hence, no further special documents can be produced in response to Plaintiffs' demands.  I have clearly stated in my responses that I was not responsible for ordering products and nor involved in the day-to-day of these businesses" (Id., ¶15); and

(viii)  "I further state that I have nothing more to provide as all the deliveries and other business aspects were not operated nor conducted by me" (Id., ¶16).

---

[1] This statement is especially incoherent as Defendant JA did not produce any documents to Plaintiffs on April 10, 2023 or on any other date.

Aaron Richard Golub, Esquire, P.C

The Honorable P. Kevin Castel
June 27, 2023

To date, JA's counsel has not provided Plaintiffs with additional amended and supplemental discovery responses *or produced a single document to Plaintiffs*. Accordingly, Plaintiffs respectfully request an Order compelling Defendant JA to submit amended and/or supplemental Document Request Responses and Interrogatory Responses and to pay attorney's fees to Plaintiffs.

## *PLAINTIFFS ARE LEGALLY ENTITLED TO RELEVANT DOCUMENTS AND INTERROGATORY RESPONSES FROM DEFENDANT JA*

Pursuant to FRCP 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." "Relevance under [FRCP] 26(b)(1) 'is an extremely broad concept.'" King v. Habib Bank Ltd., 2023 WL 3558773, \*2 (S.D.N.Y. Apr. 21, 2023) (internal citation omitted); see also Trilegiant Corp. v. Sitel Corp., 272 F.R.D. 360, 363 (S.D.N.Y. 2010). "Material is relevant for Rule 26(b)(1) discovery purposes if it bears on or is germane to any issue in the case or that may become an issue." Thuman v. Dembski, 2022 WL 1197551, \*5 (W.D.N.Y. Apr. 22, 2022). "Information is considered relevant if '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" Bartlett v. Société Générale de Banque au Liban SAL, 2023 WL 2734641, \*6 (E.D.N.Y. Mar. 31, 2023) (internal citation omitted).

"Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FRCP 26(b)(1). "Generally speaking, discovery is limited only when 'sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant, or when the examination is on matters protected by a recognized privilege.'" Trilegiant, supra, 364.

"…[W]here a party resists discovery of certain information, the burden is on that party to clarify and explain precisely why its objections are proper." Melendez v. Greiner, 2003 WL 22434101, \*1 (S.D.N.Y. Oct. 23, 2003); see also Trilegiant, supra, 363. "…[G]eneral and conclusory objections as to relevan[ce], overbreadth, or burden are insufficient to exclude discovery of requested information." King, supra, \*2 (internal citation omitted). "When objecting to a request for discovery, it is the objecting party's burden to show 'specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, [unduly] burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.'" Olin v. Rochester City Sch. Dist., 2019 WL 4643594, \*3 (W.D.N.Y. Sept. 24, 2019) (internal citation omitted).

Plaintiffs' need for documents and interrogatory responses from Defendant JA is especially critical given the absolute dearth of information in Defendant JA's Automatic Disclosure Pursuant to FRP [sic] 26(a), dated January 27, 2023 ("JA's FRCP 26(a) Disclosures") (Ex. 9). In JA's FRCP 26(a) Disclosures, *JA did not list a single document* and set forth only a single witness: *himself*. JA cannot maintain in his FRCP 26(a) Disclosures that he is the only fact witness concerning the copious counterfeiting, copyright and trademark infringement and

Aaron Richard Golub, Esquire, P.C.

The Honorable P. Kevin Castel
June 27, 2023

unfair competition claims explicated in great detail in Plaintiffs' Complaint while simultaneously claiming that he has no documents or information related thereto because he merely "offered marketing services." See JA Aff., ¶11 (Ex. 8).

## JA'S DEFICIENT DOCUMENT REQUEST RESPONSES

### Document Requests ##1-6

**Document Request #1**: Documents and Communications concerning and evidencing JA's (as defined above) weekly sales of KAWS Branded Products (defined above), including without limitation, the gross sales price, net sales price, gross profit, net profit, returns and attempted returns of each KAWS Branded Product marketed, sold or offered for sale by JA, from the inception of JA's selling of KAWS Branded Products to the present. *Such documentation should include Documents, Communications and information that identifies the type of KAWS Branded Product and the individual stores, Online Marketplace Platforms (defined above), User Accounts (defined above), JA's Websites (defined above) and Merchant Storefronts (defined above) from or through which such KAWS Branded Products were sold.*

**Document Request Response #1**: Defendant states that JA worked as marketing agent, all sales were done on China platform. Now all the businesses and websites are closed.

**Document Request #2**: Documents concerning and evidencing JA's total annual gross revenues and total annual net revenues from the sale of any KAWS Branded Products from the inception of JA's selling of KAWS Branded Products to the present.

**Document Request Response #2**: Defendant states that JA worked as marketing agent, all sales were done on China platform. Now all the businesses and websites are closed.

**Document Request #3**: Documents and Communications concerning all financial statements and other documents reflecting JA's revenues generated from the marketing, offering for sale and sale of any KAWS Branded Products, since the inception of JA's selling of KAWS Branded Products to the present, and including without limitation any profit and loss and income statements prepared for or on JA's behalf.

**Document Request Response #3**: Defendant states that JA worked as marketing agent, all sales were done on China platform. Now all the businesses and websites are closed.

**Document Request #4**: Documents and Communications concerning and evidencing JA's weekly, monthly and quarterly costs to purchase, market and sell any KAWS Branded Products.

**Document Request Response #4**: Defendant states that JA worked as marketing agent, all sales were done on China platform. Now all the businesses and websites are closed.

4

Aaron Richard Golub, Esquire, P.C.

The Honorable P. Kevin Castel
June 27, 2023

**_Document Request #5_**:  To the extent not produced in response to Document Request nos. 1-4, Documents and Communications concerning and evidencing any information in the possession, custody or control JA [sic] related to JA's revenues generated by the marketing, offering for sale, sale and/or distribution of any KAWS Branded Products, including but not limited to, invoices, purchase orders, canceled checks, ledger and disbursement entries, bank account statements, tax returns, correspondence, and other Documents and Communications concerning cost and profits of the KAWS Branded Products marketed, sold, offered for sale or distributed by JA.

**_Document Request Response #5_**:  Defendant states that JA worked as marketing agent, all sales were done on China platform.  Now all the businesses and websites are closed.

**_Document Request #6_**:  Documents and Communications concerning and evidencing the yearly number of individuals and entities who have purchased KAWS Branded Products from JA since the inception of JA's selling of KAWS Branded Products to the present.

**_Document Request Response #6_**:  Defendant states that JA worked as marketing agent, all sales were done on China platform.  Now all the businesses and websites are closed.

Plaintiffs' Document Requests ##1-6 concern:

(i)      JA's weekly sales of KAWS Branded Products;[2]

(ii)     JA's total annual net and gross revenues from sales of KAWS Branded Products;

(iii)    Financial statements and documents reflecting JA's revenues generated from KAWS Branded Products;

(iv)     JA's weekly, monthly and quarterly costs concerning KAWS Branded Products; and

(v)      The yearly number of purchasers of KAWS Branded Products from JA.

These documents obviously are relevant insofar as they are needed to calculate Plaintiffs' damages.  "Information about damages is relevant to claims and defenses."  Signify Holding B.V. v. TP-Link Research America Corp., 2022 WL 3704001, *2 (S.D.N.Y. Aug. 26, 2022). These documents are further relevant as evidence of Defendant JA's pattern of copyright and trademark infringement, trademark dilution and unfair competition, false designation of origin

---

[2] "KAWS Branded Products" means any goods, products, works of art, sculptures, paintings, designs or vinyl collectible figurines ("toys") bearing any one or more of the authentic or counterfeit KAWS trademarks (or any variation thereof) or in the image of one or more of the authentic or infringing KAWS copyrights (or any variation thereof), including, inter alia, plush dolls, apparel, vinyl figures, ashtrays, skateboards, canvases, posters, sculptures, rugs, accessories or neon lights.

Aaron Richard Golub, Esquire, P.C.

The Honorable P. Kevin Castel
June 27, 2023

and false description, particularly as Defendant JA conceded repeatedly in Defendants' [sic]
Responses to Plaintiff's [sic] First Request for Admission, dated April 10, 2022 ("JA's
Admissions") (Ex. 10) that "Defendants never had Plaintiff's [sic] authorization to market, offer
to sell, or sell KAWS Branded Products." See Ex. 10, ¶¶6-22.

JA's Document Request Responses ##1-6 repeat the same two non-responsive, red
herring sentences:

> "Defendant states that JA worked as marketing agent, all sales were done on China
> platform. Now all the businesses and websites are closed."

Whether all sales were conducted "on China platform" and whether the sites currently are
operational are utterly irrelevant to the determination of whether Defendant JA committed
copyright and trademark infringement of Plaintiffs' registered copyrights and trademarks.

JA's claim that he merely acted as a "marketing agent" and did not sell the infringing
items is a bald-faced lie. In the Second Affirmative Defense of JA's Answer to Complaint, dated
July 27, 2022 ("JA's Answer") (Ex. 11), JA admitted:

> "Plaintiff [sic] states that Defendants [sic] have conducted and are conducting the
> counterfeiting and infringing activity within this judicial district and elsewhere
> throughout the United States. It is stated that all the alleged goods are routinely available
> on internet e-commerce website like Alibaba and eBay to name some. ***Defendant as a***
> ***retail reseller ordered these products from whole sellers and sold on his website***"
> (emphasis supplied).

See also Ex. 11, ¶2. Defendant JA's counsel also conceded this point at the January 17, 2023
Court conference (Ex. 12):

> "***It's only a case of the retail reseller***. I don't want to be a witness in the case, but I have
> seen on many websites these products are being sold at the wholesale and retail, and
> anybody can buy and sell these products as a reseller from very reputed internet
> marketing companies, like Alibaba and eBay" (emphasis supplied).

In an April 18, 2021 article in New York Weekly, titled "Homeless Penthouse Brand
History," Victor Williams ("Williams") wrote (Ex. 13):[3]

> "With patience dwindling down quickly, it was Jonathan's idea to throw a hail mary play
> and totally make a website out of things that he always wanted but couldn't afford.
> Mainly hypebeast home decor and art. The website was every hypebeast's dream. It had
> all the rarest items from Supreme, KAWS and Murakami in addition to finely curated
> wall art, and custom designs. Satisfied with the way the site looked Jonathan [Anand]

---

[3] Available at https://nyweekly.com/business/homeless-penthouse-brand-history/.

Aaron Richard Golub, Esquire. P.C

The Honorable P. Kevin Castel
June 27, 2023

> proceeded to start advertising on social media. It was an instant success. The first night live their sales hit 7,000$ and with each day passing the numbers kept doubling and doubling." Id., pp. 2-3.

Williams continued:

> "As expected the business grew exponentially so Jon [Anand] decided to stay in China to focus on sourcing new items. Living out of a Supreme suitcase purchased in a Shanghai market for a hundred bucks Jonathan [Anand] proceeded to travel to different cities within China to find new factories and markets. Back and forth from Shanghai to Hong Kong, Shenzhen, Guangzhou and back to Yiwu to oversee the shipping and operations." Id., p. 3.

JA cannot rewrite history and lie to the Court about the business entities ***he founded and ran***, falsely claiming to be involved only in marketing and ignorant about all financial and business matters. In fact, ¶50 of Plaintiffs' Complaint, dated November 18, 2021 ("Complaint") (Ex. 14), sets forth the claim made by JA on or about October 29, 2021 in an Instagram video that Homeless Penthouse earned $130,983.32 for the week of September 15-22, 2021 from sales. In that video, JA displayed the image of an infringing, counterfeit KAWS item titled "4FT Las Vegas Sculpture" offered for sale for $3,999.00. In ¶56 of the Complaint (Ex. 14), Plaintiffs set forth that JA tagged Plaintiffs in another video in which JA advertised a counterfeit chain/pendant meant to mimic one designed by KAWS and described himself as "a hustler" who sells knockoff merchandise "to push [his] own agenda and pump out shit people want to buy."

### *Document Requests ##7-9*

***Document Request #7***: Documents and Communications, including without limitation, agreements, concerning the manufacture, production, distribution, purchase, sale, marketing, advertising, importation, or exportation of any KAWS Branded Products.

***Document Request Response #7***: Defendant states that no KAWS toys were manufactured, all toys were bought in the open market.

***Document Request #8***: Documents and Communications concerning all purchase orders, receipts, sales orders, invoices, statements, communications, and other documents evidencing any purchases by JA (defined above) of any KAWS Branded Products.

***Document Request Response #8***: Defendant states that no KAWS toys were manufactured, all toys were bought in the open market.

***Document Request #9***: Documents and Communications concerning any agent, employee, or independent contractor who purchased or sold or was otherwise involved in the purchase or sale of a KAWS Branded Product on JA's behalf and/or at JA's request.

Aaron Richard Golub, Esquire, P.C.

The Honorable P. Kevin Castel
June 27, 2023

***Document Request Response #9***: Defendant states that no KAWS toys were manufactured, all toys were bought in the open market.

> Plaintiffs' Document Requests ##7-9 concern:

> (i)    JA's manufacture, production, distribution, purchase, sale, marketing, advertising, importation and/or exportation of KAWS Branded Products; and

> (ii)   Documents evidencing any purchases by JA or JA's agents, employees or independent contractors of KAWS Branded Products.

As discussed, supra, on pp. 4-7 with respect to JA's Document Request Responses ##1-6, these documents are relevant to the issue of Plaintiffs' damages and as evidence of Defendant JA's illegal and infringing misconduct. JA and his counsel already conceded that JA has intimate knowledge of all aspects of the operation of JA's businesses, including sales, marketing and manufacturing.

JA's single-sentence response to the above Document Requests is:

"Defendant states that no KAWS toys were manufactured, all toys were bought in the open market."

This Response is egregiously deficient. It only concerns manufacture, production and purchase of KAWS Branded Products and utterly ignores distribution, sale, marketing, advertising, importation and exportation thereof. Moreover, Defendant JA has not produced a single document in connection therewith as proof that JA does indeed purchase and then resell KAWS Branded products instead of counterfeiting them himself or ordering such counterfeiting.

JA's Document Request Responses are contradicted by Ex. 13, in which Williams writes that "Jon [Anand] decided to stay in China to focus on sourcing new items" and that Anand "proceeded to travel to different cities within China to find new factories and markets." If Anand did not arrange for the manufacture of KAWS Branded Products and instead purchased them online on sites like Amazon, why did Anand travel throughout China to search for factories and to source new items?

### *Document Request #10*

***Document Request #10***: Documents and Communications including without limitation all screenshot print-outs and other documents, concerning or evidencing any website or domain name registered, operated, owned or used by JA in any manner whatsoever that: (i) depicts or depicted any KAWS Branded Product, (ii) uses or used the KAWS name in part or whole, or (iii) is or was used to market, advertise, promote, offer to sell, or sell any KAWS Branded Product.

***Document Request Response #10***: Defendant states that JA did not own any website.

Aaron Richard Golub, Esquire, P.C.

The Honorable P. Kevin Castel
June 27, 2023

Plaintiffs' Document Request #10 concerns JA's registration, operation, ownership and/or use of any website or domain name that used KAWS' name or depicted, marketed, advertised, promoted, sold and/or offered to sell KAWS Branded Products.

The relevance of this Document Request could not be any starker. The Complaint concerns, inter alia, JA's pattern of infringing Plaintiffs' registered copyrights and trademarks by advertising and selling counterfeit KAWS Branded Products on JA's websites.

JA's single-sentence response to the above Document Request is:

"Defendant states that JA did not own any website."

Once again, JA responds only to one clause or part of a Document Request and ignores the remainder. JA also willfully ignores that Plaintiffs' Document Requests define "JA" as not just Defendant JA individually, but also as JA "doing business as Homeless Penthouse, Penthouse Theory, Hideout.NYC, Incognito and Young Neon" (see Ex. 1, Definitions Section, ¶19). The defined term "JA":

"includes, but is not limited to, Homeless Penthouse, Penthouse Theory, Hideout.NYC, Incognito, Young Neon, their employees, officers, directors, subsidiaries, affiliates, successors, assigns, agents and other persons or entities purporting to act at their direction and/or on their behalf, and any individual or entity acting or purporting to act on Jonathan Anand's direction and/or on his behalf and any individual or entity connected or related to Jonathan Anand."

### *Document Requests ##11-50, 52-57, 68*

***Document Request #11***: Documents and Communications between JA and any of the Other Defendants, concerning any KAWS Branded Products.

***Document Request Response #11***: Defendant states his response to Request No. 11 as No.

***Document Request #12***: To the extent not produced in response to Document Request no. 10, all agreements between JA and any of the Other Defendants, concerning any KAWS Branded Products.

***Document Request Response #12***: Defendant states his response to Request No. 12 as No.

***Document Request #13***: Documents and Communications concerning the corporate organization and structure associated with the conduct of JA's business activities, including without limitation Documents and Communications concerning the creation, maintenance and continuation of Homeless Penthouse, Penthouse Theory, Hideout.NYC, Incognito, Young Neon and any other entity through which JA has now or previously marketed, offered or sold and/or presently markets, offers and sells KAWS Branded Products.

Aaron Richard Golub, Esquire, P.C.

The Honorable P. Kevin Castel
June 27, 2023

**_Document Request Response #13_**:  Defendant states his response to Request No. 13 as No.

**_Document Request #14_**:  Documents and Communications, exchanged or received between any of the Plaintiffs and JA concerning the sale or offering for sale of any KAWS Branded Products, including without limitation, all Digital Millennium Copyright Act ("DMCA") takedown notices and trademark and copyright infringement warnings to JA and/or any of the Other Defendants.

**_Document Request Response #14_**:  Defendant states his response to Request No. 14 as No.

**_Document Request #15_**:  Documents and Communications, including without limitation, agreements, between JA and each and every Online Marketplace Platform (defined above) through which JA currently markets or offers for sale, has marketed or offered for sale, and/or intends to market or offer for sale, any KAWS Branded Products.

**_Document Request Response #15_**:  Defendant states his response to Request No. 15 as No.

**_Document Request #16_**:  Documents and Communications, including without limitation, agreements, between JA and each and every Merchant Storefront (defined above) through which JA currently markets or offers for sale, has marketed or offered for sale, and/or intends to market or offer for sale, any KAWS Branded Products.

**_Document Request Response #16_**:  Defendant states his response to Request No. 16 as No.

**_Document Request #17_**:  Documents and Communications, including without limitation, agreements, between JA and each and every website through which JA currently markets or offers for sale, has marketed or offered for sale, and/or intends to market or offer for sale, any KAWS Branded Products.

**_Document Request Response #17_**:  Defendant states his response to Request No. 17 as No.

**_Document Request #18_**:  Documents and Communications, including without limitation, agreements,   between JA and each and every Electronic Payment Service (defined above) through which JA currently accepts, has previously accepted, and/or intends to accept in the future, payment for the sale of any KAWS Branded Products.

**_Document Request Response #18_**:  Defendant states his response to Request No. 18 as No.

**_Document Request #19_**:  Documents and Communications, including without limitation, agreements,  concerning each and every User Account (defined above) through which  JA currently markets or offers for sale, has marketed or offered for sale, and/or intends to market or offer for sale, any KAWS Branded Products.

**_Document Request Response #19_**:  Defendant states his response to Request No. 19 as No.

Aaron Richard Golub, Esquire, P.C.

The Honorable P. Kevin Castel
June 27, 2023

***Document Request #20***: Documents and Communications, including without limitation any and all images and/or text, posted on each and every Social Media Website (defined above) concerning JA and any KAWS Branded Products, regardless of whether JA or any third party or any of the Other Defendants posted such Documents or Communications.

***Document Request Response #20***: Defendant states his response to Request No. 20 as No.

***Document Request #21***: Documents and Communications concerning JA's current inventory of KAWS Branded Products, the date of acquisition of any such KAWS Branded Products and from who or which entity such KAWS Branded Products were acquired.

***Document Request Response #21***: Defendant states his response to Request No. 21 as No.

***Document Request #22***: Documents and Communications, including without limitation all agreements, concerning internet service providers or other entities involved with the hosting of any of JA's Websites and/or User Accounts.

***Document Request Response #22***: Defendant states his response to Request No. 22 as No.

***Document Request #23***: Documents and Communications concerning all instances in which an individual or entity has confused or mistaken the identity, source, affiliation, or relationship between JA and any of the Plaintiffs.

***Document Request Response #23***: Defendant states his response to Request No. 23 as No.

***Document Request #24***: Documents and Communications concerning all instances in which an individual or entity has confused or mistaken the identity, source, affiliation, or relationship between JA and any of the Plaintiffs and has notified JA of such confusion or mistaking the identity, source, affiliation, or relationship between JA and any of the Plaintiffs.

***Document Request Response #24***: Defendant states his response to Request No. 24 as No.

***Document Request #25***: Documents and Communications concerning all instances in which an individual or entity has inquired as to whether JA or any KAWS Branded Products offered for sale are or were affiliated with, connected to, licensed by, sponsored by, or otherwise related to any of the Plaintiffs.

***Document Request Response #25***: Defendant states his response to Request No. 25 as No.

***Document Request #26***: Documents and Communications concerning communications, inquiries, or comments to or from any individual or entity, referring or relating to any KAWS Branded Products, KAWS's Trademarks or KAWS's Copyrights.

***Document Request Response #26***: Defendant states his response to Request No. 26 as No.

11

Aaron Richard Golub, Esquire, P.C

The Honorable P. Kevin Castel
June 27, 2023

***Document Request #27***:  Documents and Communications concerning all physical addresses where JA has stored or distributed any KAWS Branded Products.

***Document Request Response #27***:  Defendant states his response to Request No. 27 as No.

***Document Request #28***:  Documents and Communications concerning all physical addresses from which JA conducted or presently conducts business.

***Document Request Response #28***:  Defendant states his response to Request No. 28 as No.

***Document Request #29***:  Documents and Communications concerning each and every individual and/or entity which has purchased any KAWS Branded Products from or through JA.

***Document Request Response #29***:  Defendant states his response to Request No. 29 as No.

***Document Request #30***:  To the extent not produced in response to any of the foregoing Document Requests, Documents, Communications and agreements with JA which in any manner relate to KAWS Branded Products.

***Document Request Response #30***:  Defendant states his response to Request No. 30 as No.

***Document Request #31***:  Documents and Communications concerning and evidencing any customer or competitor lists relating to JA's purchase, sale, alteration, shipping or advertising of any KAWS Branded Product.

***Document Request Response #31***:  Defendant states his response to Request No. 31 as No.

***Document Request #32***:  Documents and Communications concerning and evidencing any payment received or made by you for the sale of any KAWS Branded Product.

***Document Request Response #32***:  Defendant states his response to Request No. 32 as No.

***Document Request #33***:  Documents and Communications concerning and evidencing debit or credit cards or any payment means, bank accounts, bank statements or other financial account documents reflecting any and all deposits or withdrawals of any funds JA received or used for the purchase, sale or alteration of any KAWS Branded Product.

***Document Request Response #33***:  Defendant states his response to Request No. 33 as No.

***Document Request #34***:  Documents and Communications concerning and evidencing the shipment of any KAWS Branded Product to or from JA, including without limitation, through or by FedEx, DHL, TNT, UPS, U.S. Mail, and EMS, and any and all other shippers' shipping documents, shipping labels, invoices, and records.

Aaron Richard Golub, Esquire, P.C.

The Honorable P. Kevin Castel
June 27, 2023

***Document Request Response #34***: Defendant states his response to Request No. 34 as No.

***Document Request #35***: Documents and Communications concerning and evidencing the alteration of any KAWS Branded Product.

***Document Request Response #35***: Defendant states his response to Request No. 35 as No.

***Document Request #36***: Documents and Communications concerning and evidencing all advertising and marketing materials, e-mails, brochures and other documents created by JA or used by JA to advertise or promote the sale of any KAWS Branded Product to any prospective purchaser.

***Document Request Response #36***: Defendant states his response to Request No. 36 as No.

***Document Request #37***: Copies of the hard drives, computer back-ups tapes, and electronic storage devices for the computers used by JA in connection with the purchase and/or sale of any KAWS Branded Product.

***Document Request Response #37***: Defendant states his response to Request No. 37 as No.

***Document Request #38***: Documents and Communications concerning and evidencing all business plans or other documents that explain or describe JA's business activities relating to the purchase, sale, alteration, shipping or advertising of any KAWS Branded Product.

***Document Request Response #38***: Defendant states his response to Request No. 38 as No.

***Document Request #39***: Documents and Communications concerning and evidencing any personal or business loan or financing applications completed by JA or on JA's behalf to fund any operation relating to the purchase, sale, shipping or advertising of any KAWS Branded Product.

***Document Request Response #39***: Defendant states his response to Request No. 39 as No.

***Document Request #40***: Documents and Communications concerning and evidencing any bank statements, canceled checks, deposit slips and merchant account statements and records concerning JA's business operations that identifies the purchaser, seller, shipper or advertiser of any KAWS Branded Product.

***Document Request Response #40***: Defendant states his response to Request No. 40 as No.

***Document Request #41***: Documents and Communications concerning and evidencing JA's general ledgers, check registers, accounts, books of account, financial statements, balance sheets, profit and loss statements, canceled checks, electronic or credit card charge receipts and similar

Aaron Richard Golub, Esquire, P.C.

The Honorable P. Kevin Castel
June 27, 2023

accounting/bookkeeping records which identifies any purchaser, seller, shipper or advertiser of any KAWS Branded Product.

***Document Request Response #41***:  Defendant states his response to Request No. 41 as No.

***Document Request #42***:  Documents and Communications concerning and evidencing all sales agreements, partnership agreements or other contracts entered into for the purchase, sale, alteration, shipping or advertising of any concerning KAWS Branded Product.

***Document Request Response #42***:  Defendant states his response to Request No. 42 as No.

***Document Request #43***:  Documents and Communications concerning and evidencing all joint venture agreements, distributorship agreements and other contracts entered into with any person or entity concerning the purchase, sale, alteration, shipping or advertising of any KAWS Branded Product.

***Document Request Response #43***:  Defendant states his response to Request No. 43 as No.

***Document Request #44***:  Documents and Communications concerning and evidencing any KAWS Branded Product which has been altered in any manner whatsoever.

***Document Request Response #44***:  Defendant states his response to Request No. 44 as No.

***Document Request #45***:  Documents and Communications concerning and evidencing JA's customer list.

***Document Request Response #45***:  Defendant states his response to Request No. 45 as No.

***Document Request #46***:  Documents and Communications concerning and evidencing JA's supplier and/or vendor list.

***Document Request Response #46***:  Defendant states his response to Request No. 46 as No.

***Document Request #47***:  Documents and Communications concerning and evidencing any advertising or promoting by JA or on JA's behalf, which mentions, identifies or depicts any KAWS Branded products.

***Document Request Response #47***:  Defendant states his response to Request No. 47 as No.

***Document Request #48***:  Documents and Communications received from and sent to JA's suppliers of KAWS Branded Products.

***Document Request Response #48***:  Defendant states his response to Request No. 48 as No.

Aaron Richard Golub, Esquire, P.C

The Honorable P. Kevin Castel
June 27, 2023

***Document Request #49***:  Documents and Communications exchanged between JA and
prospective buyers or sellers of KAWS Branded Products.

***Document Request Response #49***:  Defendant states his response to Request No. 49 as No.

***Document Request #50***:  Documents and Communications received from, dispatched to and/or
exchanged between JA or any individual or entity acting in whole or in part on JA's behalf, and
any state or federal law enforcement agency, customs agency or other state or federal
investigative agency or department, concerning the purchase, sale, altering, shipping or
advertising of any KAWS Branded Product.

***Document Request Response #50***:  Defendant states his response to Request No. 50 as No.

***Document Request #52***:  Excluding privileged attorney/client communications, Documents and
Communications concerning any action, lawsuit, potential claim, potential lawsuit, or proceeding
of any kind whatsoever which concerns JA and alleged acts of trademark infringement, copyright
infringement and/or unfair competition.

***Document Request Response #52***:  Defendant states his response to Request No. 52 as No.

***Document Request #53***:  Documents and Communications concerning any insurance policies or
any insurance agreement under which an insurance company may provide JA coverage in this
action, be liable to satisfy all or part of a judgment in this action, indemnify or reimburse JA for
payments made to satisfy any judgment in this action or may pay for an attorney to represent JA
in this lawsuit.

***Document Request Response #53***:  Defendant states his response to Request No. 53 as No.

***Document Request #54***:  Documents and Communications concerning any customer complaints
of any nature whatsoever, received by JA which mention, refers to, discusses or relates to KAWS
Branded Products.

***Document Request Response #54***:  Defendant states his response to Request No. 54 as No.

***Document Request #55***:  Documents and Communications concerning and evidencing JA's
pricing policies, structure and/or guidelines regarding KAWS Branded Products and the
responses of any customer, client or any other individual or entity to such prices.

***Document Request Response #55***:  Defendant states his response to Request No. 55 as No.

***Document Request #56***:  Documents and Communications concerning and evidencing any
market studies, reports or analyses relating to competition, market segments, market share,
market reactions to pricing of any KAWS Branded Products, including third party research
reports.

Aaron Richard Golub, Esquire, P.C.

The Honorable P. Kevin Castel
June 27, 2023

**_Document Request Response #56_**: Defendant states his response to Request No. 56 as No.

**_Document Request #57_**: Documents and Communications concerning all media, including without limitation, print media, websites, social media, television, radio, trade journals, trade shows and direct mail advertising, pertaining to KAWS Branded Products.

**_Document Request Response #57_**: Defendant states his response to Request No. 57 as No.

**_Document Request #68_**: Documents and Communications supporting and concerning JA's Eleventh Affirmative Defense in the Answer alleging "Plaintiff is claiming exclusive right and ownership on the product which is commercially available in the market."

**_Document Request Response #68_**: Defendant states his response to Request No. 68 as No.

Plaintiffs' Document Requests ##11-50, 52-57 and 68 concern:

(i)     JA's communications and/or agreements with the other Defendants concerning KAWS Branded Products;

(ii)    The corporate organization and structure of JA's business activities;

(iii)   Digital Millennium Copyright Act takedown notices received by JA concerning KAWS Branded Products;

(iv)    JA's communications with online marketplace platforms, merchant storefronts, websites, electronic payment services, user accounts, internet service providers and/or social media platforms concerning KAWS Branded Products;

(v)     JA's current inventory of KAWS Branded Products;

(vi)    Instances in which third parties believed that JA was affiliated with or authorized by Plaintiffs to sell KAWS Branded Products (or inquired about such affiliation or authorization);

(vii)   Communications with JA and any third party about KAWS Branded Products and/or Plaintiff's copyrights or trademarks;

(viii)  Locations at which JA stores and/or distributes KAWS Branded Products and/or from which JA conducts business;

(ix)    Purchases of KAWS Branded Products from JA and/or payments and shipping related thereto;

Aaron Richard Golub, Esquire, P.C

The Honorable P. Kevin Castel
June 27, 2023

(x)     JA's customer lists, competitor lists, supplier lists and/or vendor lists relating to
        JA's purchase, sale, alteration, shipping and/or advertising of KAWS Branded
        Products;

(xi)    JA's alteration of KAWS Branded Products;

(xii)   JA's advertising and/or marketing materials concerning KAWS Branded
        Products;

(xiii)  JA's business plans and activities concerning the purchase, sale, alteration,
        shipping and/or advertising of KAWS Branded Products, including the funding
        thereof and/or any joint venture agreements, distributorship agreements and/or
        other contracts;

(xiv)   JA's financial documents concerning JA's sale of KAWS Branded Products;

(xv)    JA's communications with suppliers and/or prospective buyers of KAWS
        Branded Products;

(xvi)   JA's communications with law enforcement agencies, customs agencies and/or
        investigative agencies concerning KAWS Branded Products;

(xvii)  JA's involvement in lawsuits alleging trademark infringement, copyright
        infringement and/or unfair competition;

(xviii) JA's insurance documents concerning coverage for an action such as the subject
        action;

(xix)   Customer complaints to JA concerning KAWS Branded Products;

(xx)    JA's pricing policies concerning KAWS Branded Products;

(xxi)   JA's market studies, reports and/or analyses concerning KAWS Branded
        Products;

(xxii)  Media references to JA's KAWS Branded Products; and

(xxiii) JA's Eleventh Affirmative Defense.

     ***JA's one-word response to the foregoing 47 Document Requests is:  "No"*** (emphasis
supplied).  Such a terse response is legally insufficient as Defendant JA has the burden of
"explain[ing] precisely why its objections are proper." <u>Melendez</u>, <u>supra</u>, *1.  Defendant JA was
required—and failed—to demonstrate "specifically how, despite the broad and liberal

Aaron Richard Golub, Esquire, P.C.

The Honorable P. Kevin Castel
June 27, 2023

construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, [unduly] burdensome or oppressive." Olin, supra, *3.

All of the foregoing 47 Document Requests doubtlessly are relevant as they concern the very heart of this litigation: JA's illegal, unauthorized use of Plaintiffs' registered copyrights and trademarks. Of the 23 categories of Document Requests set forth above, 20 categories expressly concern JA's KAWS Branded Products, including, inter alia, JA's communications with manufacturers and purchasers, JA's advertising and promotional materials and/or JA's financial and logistical documents. See King, supra, *2; see also Trilegiant, supra, 363; Thuman, supra, *5.

The remaining three categories also are clearly relevant. Plaintiffs need documents concerning the corporate organization and structure of JA's business activities to determine whether other individuals infringed JA's registered copyrights and trademarks and/or have critical knowledge with respect thereto, particularly since Defendant JA did not list a single witness (aside from himself) in JA's FRCP 26(a) Disclosures (Ex. 9).

Documents concerning JA's involvement in lawsuits alleging trademark infringement, copyright infringement and/or unfair competition will provide crucial information concerning where JA sources counterfeit and infringing goods, with whom JA collaborates to market and/or sell counterfeit and infringing goods and whether JA has admitted to marketing and/or selling counterfeit and infringing goods.

JA's insurance documents concerning coverage for an action such as the subject action are directly relevant as they impact the likelihood of Plaintiffs receiving compensation once the Court finds against Defendant JA in this action.

### *Document Requests ##58-67, 69-76*

***Document Request #58***: Documents and Communications that JA relies on concerning paragraph 2 of the Answer, alleging:

> "With regards to paragraph 3 of the complaint, Defendant admits that during Covid 19, Defendant resided in state of Virginia however Defendant is a Citizen of United States and engaged in Internet based Business (E-Commerce) located in Country of China and in ordinary course of business, Defendant resides in City of Shenzhen, China, and Hong Kong. Defendant used a U.S. address for the purposes of facilitating returns from customers. Rest of the contents of paragraph 3 are denied."

***Document Request Response #58***: Defendant states his response to Request No. 58 as Not Applicable.

***Document Request #59***: Documents and Communications that JA relies on concerning paragraph 3 of the Answer, alleging:

Aaron Richard Golub, Esquire, P.C

The Honorable P. Kevin Castel
June 27, 2023

> "Contents of Paragraphs 4, 5, 6, and 7 are admitted to the extent that Penthouse Theory,
> Hideout. NYC, Incognito, and Young Neon are marketing entities for online sales."

***Document Request Response #59***:  Defendant states his response to Request No. 58 as Not
Applicable.

***Document Request #60***:  Documents and Communications that JA relies on concerning JA's
Second Affirmative Defense in the Answer, alleging:

> "The complaint and complainant have failed to demonstrate any wrongdoing by
> Defendant Anand. Plaintiff states that Defendants have conducted and are conducting the
> counterfeiting and infringing activity within this judicial district and elsewhere
> throughout the United States. It is stated that all the alleged goods are routinely available
> on internet e-commerce website like Alibaba and eBay to name some. Defendant as a
> retail reseller ordered these products from whole sellers and sold on his website."

***Document Request Response #60***:  Defendant states his response to Request No. 58 as Not
Applicable.

***Document Request #61***:  Documents and Communications concerning each and every "whole
seller" alleged by JA in JA's Second Affirmative Defense in the Answer concerning KAWS
Branded Products. ***Such documentation should include Documents, Communications and
information that identifies each "whole seller" from whom JA ordered counterfeit or
infringing KAWS Branded Products to sell at retail, as alleged in JA's Second Affirmative
Defense in the Answer.***

***Document Request Response #61***:  Defendant states his response to Request No. 58 as Not
Applicable.

***Document Request #62***:  Documents and Communications concerning the availability of KAWS
Branded Products on ***each*** and every "internet e-commerce website" as alleged by JA in JA's
Second Affirmative Defense in the Answer.

***Document Request Response #62***:  Defendant states his response to Request No. 58 as Not
Applicable.

***Document Request #63***:  Documents and Communications supporting and concerning JA's
Fourth Affirmative Defense in the Answer alleging "Plaintiff's claims are barred by the doctrine
of laches, waiver, equitable estoppel and/or unclean hands."

***Document Request Response #63***:  Defendant states his response to Request No. 58 as Not
Applicable.

Aaron Richard Golub, Esquire, P.C.

The Honorable P. Kevin Castel
June 27, 2023

***Document Request #64***: Documents and Communications supporting and concerning JA's Fifth Affirmative Defense in the Answer alleging "The Defendant has, at all material times with respect to Plaintiff, acted in or believed they acted in good faith in an effort to comply fully with all relevant federal, state and city laws."

***Document Request Response #64***: Defendant states his response to Request No. 58 as Not Applicable.

***Document Request #65***: Documents and Communications supporting and concerning JA's Eighth Affirmative Defense in the Answer alleging:

> "Plaintiff's claims are barred to the extent that the expenses incurred by Defendant in connection with their alleged use of the alleged trademarks, and/or copyrights exceeded their revenues in connection with such alleged use."

***Document Request Response #65***: Defendant states his response to Request No. 58 as Not Applicable.

***Document Request #66***: Documents and Communications supporting and concerning JA's Ninth Affirmative Defense in the Answer alleging "Plaintiff has abandoned the alleged trademarks and alleged copyrights."

***Document Request Response #66***: Defendant states his response to Request No. 58 as Not Applicable.

***Document Request #67***: Documents and Communications supporting and concerning JA's Tenth Affirmative Defense in the Answer alleging "Plaintiff's conduct with regards to the matters alleged in the Complaint was such that Plaintiff is barred by the equitable doctrine of unclean hands from obtaining the relief requested against Defendant."

***Document Request Response #67***: Defendant states his response to Request No. 58 as Not Applicable.

***Document Request #69***: Documents and Communications supporting and concerning JA's Twelfth Affirmative Defense in the Answer alleging "Some or all of the damages alleged by Plaintiff, if any, are to be offset by the damage sustained by Defendant as a result of Plaintiff's conduct."

***Document Request Response #69***: Defendant states his response to Request No. 58 as Not Applicable.

***Document Request #70***: Documents and Communications supporting and concerning JA's allegation that JA sustained damages as a result of Plaintiff's conduct.

Aaron Richard Golub, Esquire, P.C

The Honorable P. Kevin Castel
June 27, 2023

***Document Request Response #70***:  Defendant states his response to Request No. 58 as Not Applicable.

***Document Request #71***:  Documents and Communications supporting and concerning JA's Fourteenth Affirmative Defense in the Answer alleging:

> "Defendant denies that it is responsible or liable in any way for the damages or loss alleged in the Complaint. However, if Defendant is found to be liable or responsible for any or all of the alleged damages or loss, Defendant alleges that it, if any, is not the sole proximate cause of the damage or loss, that the damage awarded to Plaintiff, if any, should be apportioned according to state law by each parties' respective fault and legal responsibility of all parties, persons and entities, and their agents, servants, and employees who contributed to and/or cause such damages or loss according to the proof presented at the time of trial."

***Document Request Response #71***:  Defendant states his response to Request No. 58 as Not Applicable.

***Document Request #72***:  Documents and Communications supporting and concerning JA's Fifteenth Affirmative Defense in the Answer alleging:

> "At all times, Defendant acted in a commercially reasonable and lawful manner. Each and every act or statement done or made by Defendant was a good faith assertion of the Defendant's rights and, therefore, was privileged and justified."

***Document Request Response #72***:  Defendant states his response to Request No. 58 as Not Applicable.

***Document Request #73***:  Documents and Communications supporting and concerning JA's Sixteenth Affirmative Defense in the Answer alleging:

> "Plaintiff failed to protect and/or enforce its alleged rights, and/or engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligent act, omission, or any other conduct, if any, as set forth in the Complaint."

***Document Request Response #73***:  Defendant states his response to Request No. 58 as Not Applicable.

***Document Request #74***:  Documents and Communications supporting and concerning JA's Seventeenth Affirmative Defense in the Answer alleging:

> "Plaintiff, though under an affirmative duty to do so, failed and neglected to mitigate its alleged damages, if any, and cannot recover against Defendant, whether as alleged of otherwise."

Aaron Richard Golub, Esquire. P.C

The Honorable P. Kevin Castel
June 27, 2023

***Document Request Response #74***:  Defendant states his response to Request No. 58 as Not
Applicable.

***Document Request #75***:  Documents and Communications supporting and concerning JA's
Eighteenth Affirmative Defense in the Answer alleging:

> "The damages suffered by Plaintiff, if any, were the direct and proximate result of the
> acts, omission, or negligence of persons or entities other than Defendant."

***Document Request Response #75***:  Defendant states his response to Request No. 58 as Not
Applicable.

***Document Request #76***:  To the extent not produced in response to the above Document
Requests, Documents and Communications that JA intends to rely on for his defenses to the
claims asserted by the Plaintiffs.

***Document Request Response #76***:  Defendant states his response to Request No. 58 as Not
Applicable.

Plaintiffs' Document Requests ##58-67 and 69-76 concern specific representations made
by JA in his Answer, including JA's affirmative defenses, and documents that JA intends to rely
on for his defenses to Plaintiffs' claims.

Plaintiffs are legally entitled to probe Defendant JA's alleged defenses in this action. See
Distefano v. Law Offices of Barbara H. Katsos, PC, 2013 WL 1339536, *8 (E.D.N.Y. Mar. 29,
2013) ("Document Request No. 70 seeks materials relating to Defendants' affirmative defenses.
Document Request No. 78 seeks documents relating to witnesses or potential witnesses whom
Defendants contacted in connection with the case…Both of these requests are relevant and
reasonable"); see also Chowdhury v. Hamza Exp. Food Corp., 308 F.R.D. 74, 81 (E.D.N.Y.
2015) (holding that defendants failed to "substantively respond[] in good faith" to Plaintiff's
interrogatory concerning the facts supporting defendants' affirmative defenses because
defendants "fail[ed] to cite even one fact in support of one affirmative defense"); In re American
Motor Club, Inc., 129 B.R. 981, 987 (Bkrtcy.E.D.N.Y. 1991) (rejecting defendants' contention
that plaintiff's interrogatories were not calculated to lead to the discovery of admissible evidence
because the interrogatories requested information concerning certain bank accounts set forth in
defendants' affirmative defenses and "[a]n examination of those records will either belie or
substantiate" the affirmative defenses).

***JA's two-word response to the above Document Requests is:  "Not applicable"***
(emphasis supplied).  Such a terse response is legally insufficient as Defendant JA has the burden
of "explain[ing] precisely why its objections are proper." Melendez, supra, *1. Defendant JA
was required—and failed—to demonstrate "specifically how, despite the broad and liberal
construction afforded the federal discovery rules, each [request] is not relevant or how each
question is overly broad, [unduly] burdensome or oppressive." Olin, supra, *3. ***It boggles the***

Aaron Richard Golub, Esquire, P.C.

The Honorable P. Kevin Castel
June 27, 2023

*mind how a response to the foregoing Document Requests could be "not applicable" to*
*Defendant JA when the Document Requests expressly concern allegations made by JA in his*
*Answer and his affirmative defenses.*

**Document Request #51**

**Document Request Response #51**: Excluding privileged attorney/client communications,
Documents and Communications relating to JA's involvement in any lawsuit relating to the
purchase, sale, altering, shipping or advertising of any branded product, including without
limitation concerning the following two Federal actions commenced in the Southern District of
New York ("SDNY"):

      i.    *Hypebeast Hong Kong Limited v. Jonathan Anand*, SDNY Civil Case no.
               19-cv-8338;

      ii.   *MANTA INDUSTRIES LTD. v. PAUL P. LAW, A/K/A PAUL LAW,*
               *YOGESH M. ANAND A/K/A YOGESH ANAND A/K/A"YOGI" ANAND,*
               *RICH KIDS JEAN CORP., FASHION DEVELOPMENT GROUP, INC.,*
               *FOLDOM INDUSTRIES, LTD., DANI MAX DESIGN, INC., NY GROUP*
               *CORPORATION, KUM S. CASANOVA A/K/A KUM CASANOVA A/K/A*
               *KUM SUN CASANOVA, O FOLLOW SHIPPING, INC., LOURDES LAW*
               *A/K/A "LOU" LAW A/K/A LOURDES P. LAW A/K/A LOURDES W.*
               *LAW, JONATHAN M. ANAND A/K/A JONATHAN N. ANAND A/K/A*
               *"JON" ANAND, J GROUP NY INC, XYZ, INCs 1-10 and ABC, LLCs 1-10,*
               SDNY Civil Case No. 16-cv-08308.

**Document Request #51**: Defendant states:

      i.    Please refer to https://ecf.nysd.uscourts.gov/, CIVIL DOCKET FOR
               CASE #: 1:19-cv-08338-KPF, Docket No.s [sic] 9 and 10 for Voluntary
               Dismissal and Termination of the case.

      ii.   Please refer to https://ecf.nysd.uscourts.gov/, CIVIL DOCKET FOR
               CASE #: 1:16-cv-08308-LAP, for case is pending with no further process
               since 01/16/2020.

Plaintiffs' Document Request #51 concerns JA's involvement in lawsuits relating to the
purchase, sale, alteration, shipping and/or advertising of any branded product and specifically
references two such federal actions commenced in the Southern District of New York.

Document Request #51 is relevant insofar as it seeks documents concerning other
instances in which Defendant JA has advertised and/or sold goods that infringe on registered
copyrights and trademarks. Given JA's refusal to date to identify any witnesses or documents
whatsoever, this Document Request is a means of learning critical information about JA's

Aaron Richard Golub, Esquire, P.C.

The Honorable P. Kevin Castel
June 27, 2023

network of infringers, including, inter alia, how JA obtains infringing goods, where and to whom JA sells infringing goods and/or how JA advertises and markets infringing goods.

JA responded to Document Request #51 simply by providing the docket numbers for the two actions set forth in Document Request #51. JA has refused to produce any documents in connection therewith. Clearly, Defendant JA has conceded the relevance of this Document Request by not responding with his usual "No" or "Not applicable" or interposing any specific objections whatsoever. Now, JA must produce relevant documents in accordance therewith.

## *JA'S DEFICIENT INTERROGATORY RESPONSES*

### *Interrogatories ##1-2*

***Interrogatory #1***: Identify each and every "whole seller" alleged by JA in JA's Second Affirmative Defense in the Answer concerning infringing and/or counterfeit KAWS Branded Products, alleging:

> "The complaint and complainant have failed to demonstrate any wrongdoing by Defendant Anand. Plaintiff states that Defendants have conducted and are conducting the counterfeiting and infringing activity within this judicial district and elsewhere throughout the United States. It is stated that all the alleged goods are routinely available on internet e-commerce website like Alibaba and eBay to name some*. Defendant as a retail reseller ordered these products from whole sellers and sold on his website."* (emphasis supplied).

***Interrogatory Response #1***: Defendant states that there are over 100 sellers on websites such as eBay, AliBaba, AliExpress, and DHGate. Defendant further states,

a)  visit www.ebay.com and enter KAWS on search bar and about 240 vendors pop-up selling KAWS products, and with approximately 9 more pages to open, there are about 2160 vendors selling KAWS products on eBay;

b)  to visit www.amazon.com and enter KAWS on search bar and about 60 vendors pop-up selling KAWS products, and there are approximately 48 more pages to open, with about 2880 vendors selling KAWS products on Amazon;

c)  visit www.alibaba.com and enter KAWS on search bar and about 56 vendors pop-up selling KAWS products on first page, and there are approximately 50 or more pages to open, with about 2800 vendors selling KAWS products;

d)  additionally, the same search bar tool and approximate number of vendors applies to www.aliexpress.com and www.dhgate.com.

Aaron Richard Golub, Esquire, P.C.

The Honorable P. Kevin Castel
June 27, 2023

***Interrogatory #2***: Identify each and every "e-commerce website" alleged by JA in JA's Second Affirmative Defense in the Answer concerning infringing and/or counterfeit KAWS Branded Products, alleging:

> "The complaint and complainant have failed to demonstrate any wrongdoing by Defendant Anand. Plaintiff states that Defendants have conducted and are conducting the counterfeiting and infringing activity within this judicial district and elsewhere throughout the United States. ***It is stated that all the alleged goods are routinely available on internet e-commerce website like Alibaba and eBay to name some.*** Defendant as a retail reseller ordered these products from whole sellers and sold on his website." (emphasis supplied).

***Interrogatory Response #2***: Refer to above answer No. 1 - 1 d.

Plaintiffs' Interrogatories ##1-2 concern JA's Second Affirmative Defense in his Answer (Ex. 11). JA alleged:

> "It is stated that all the alleged goods are routinely available on internet e-commerce website [sic] like Alibaba and eBay to name some. Defendant as a retail reseller ordered these products from whole sellers [sic] and sold on his website."

Accordingly, Plaintiffs asked JA to identify the "whole sellers" and "e-commerce website[s]" referenced in JA's Second Affirmative Defense in his Answer (Ex. 11).

Instead of providing the requested information, Defendant JA callously instructed Plaintiffs to visit www.ebay.com, www.amazon.com, www.alibaba.com, www.aliexpress.com and www.dhgate.com and "enter KAWS on search bar." JA's flippancy and disregard of discovery obligations is outrageous.

Pursuant to FRCP 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is ***relevant to any party's*** claim or ***defense*** and proportional to the needs of the case" (emphasis supplied). It does not get more relevant than highlighting specific statements from Defendant JA's affirmative defenses and asking for the identity of the third parties referenced therein; see also Distefano, supra, *8; Chowdhury, supra, 81; American Motor Club, Inc., supra, 987.

### *Interrogatories ##3-21*

***Interrogatory #3***: Identify each and every individual or entity, which:

> i.  Presently manufactures;
>
> ii.  Formerly manufactured;

Aaron Richard Golub, Esquire, P.C

The Honorable P. Kevin Castel
June 27, 2023

any counterfeit or infringing KAWS Branded Products.  Each sub-part of this Interrogatory must be answered *separately* and fully.

***Interrogatory Response #3***:  Defendant states his response to Interrogatory 3 as Not Applicable.

***Interrogatory #4***:  Identify each and every individual or entity, which:

        i.      Presently stores;

        ii      Formerly stored;

any counterfeit or infringing KAWS Branded Products.  Each sub-part of this Interrogatory must be answered *separately* and fully.

***Interrogatory Response #4***:  Defendant states his response to Interrogatory 4 as Not Applicable.

***Interrogatory #5***:  Identify each and every individual or entity, which:

        i       Presently imports;

        ii      Formerly imported;

any counterfeit or infringing KAWS Branded Products.  Each sub-part of this Interrogatory must be answered *separately* and fully.

***Interrogatory Response #5***:  Defendant states his response to Interrogatory 5 as Not Applicable.

***Interrogatory #6***:  Identify each and every individual or entity, which:

        i       Presently exports;

        ii      Formerly exported;

any counterfeit or infringing KAWS Branded Products.  Each sub-part of this Interrogatory must be answered *separately* and fully.

***Interrogatory Response #6***:  Defendant states his response to Interrogatory 6 as Not Applicable.

***Interrogatory #7***:  Identify each and every individual or entity, which:

        i       Presently distributes;

        ii      Formerly distributed;

Aaron Richard Golub, Esquire, P.C.

The Honorable P. Kevin Castel
June 27, 2023

any counterfeit or infringing KAWS Branded Products. Each sub-part of this Interrogatory must be answered **_separately_** and fully.

**_Interrogatory Response #7_**: Defendant states his response to Interrogatory 7 as Not Applicable.

**_Interrogatory #8_**: Identify each and every individual or entity, which:

> i       Presently markets, promotes, advertises and/or displays;
>
> ii      Formerly marketed, promoted, advertised and/or displayed;

any counterfeit or infringing KAWS Branded Products. Each sub-part of this Interrogatory must be answered **_separately_** and fully.

**_Interrogatory Response #8_**: Defendant states his response to Interrogatory 8 as Not Applicable.

**_Interrogatory #9_**: Identify each and every individual or entity, which:

> i.      Presently offers for sale;
>
> ii.     Formerly offered for sale;

any counterfeit or infringing KAWS Branded Products. Each sub-part of this Interrogatory must be answered **_separately_** and fully.

**_Interrogatory Response #9_**: Defendant states his response to Interrogatory 9 as Not Applicable.

**_Interrogatory #10_**: Identify each and every individual or entity, which:

> i      Presently sells;
>
> ii.     Formerly sold;

counterfeit or infringing KAWS Branded Products. Each sub-part of this Interrogatory must be answered **_separately_** and fully.

**_Interrogatory Response #10_**: Defendant states his response to Interrogatory 10 as Not Applicable.

**_Interrogatory #11_**: Identify each and every website which:

> i      JA presently uses;
>
> ii.     JA used;

Aaron Richard Golub, Esquire, P.C.

The Honorable P. Kevin Castel
June 27, 2023

to manufacture, import, export, advertise, market, promote, distribute, store, display, offer for sale, sell and/or otherwise deal in counterfeit or infringing KAWS Branded Products. Each sub-part of this Interrogatory must be answered *separately* and fully.

**_Interrogatory Response #11_**: Defendant states his response to Interrogatory 11 as Not Applicable.

**_Interrogatory #12_**: Identify each and every Online Marketplace Platform which:

      i      JA presently uses;

      ii     JA used;

to manufacture, import, export, advertise, market, promote, distribute, store, display, offer for sale, sell and/or otherwise deal in counterfeit or infringing KAWS Branded Products. Each sub-part of this Interrogatory must be answered *separately* and fully.

**_Interrogatory Response #12_**: Defendant states his response to Interrogatory 12 as Not Applicable.

**_Interrogatory #13_**: Identify each and every User Account which:

      i      JA presently uses;

      ii     JA used;

to manufacture, import, export, advertise, market, promote, distribute, store, display, offer for sale, sell and/or otherwise deal in counterfeit or infringing KAWS Branded Products. Each sub-part of this Interrogatory must be answered *separately* and fully.

**_Interrogatory Response #13_**: Defendant states his response to Interrogatory 13 as Not Applicable.

**_Interrogatory #14_**: Identify each and every Merchant Storefront which:

      i.     JA presently uses;

      ii     JA used;

to manufacture, import, export, advertise, market, promote, distribute, store, display, offer for sale, sell and/or otherwise deal in counterfeit or infringing KAWS Branded Products. Each sub-part of this Interrogatory must be answered separately and fully. Each sub-part of this Interrogatory must be answered *separately* and fully.

Aaron Richard Golub, Esquire, P.C

The Honorable P. Kevin Castel
June 27, 2023

***Interrogatory Response #14***: Defendant states his response to Interrogatory 14 as Not Applicable.

***Interrogatory #15***: Identify each and every Electronic Payment Service which:

      i      JA presently uses;

      ii     JA used;

to manufacture, import, export, advertise, market, promote, distribute, store, display, offer for sale, sell and/or otherwise deal in counterfeit or infringing KAWS Branded Products. Each subpart of this Interrogatory must be answered ***separately*** and fully.

***Interrogatory Response #15***: Defendant states his response to Interrogatory 15 as Not Applicable.

***Interrogatory #16***: Identify each and every Social Media Website which:

      i      JA presently uses;

      ii     JA used;

to import, export, advertise, market, promote, distribute, store, display, offer for sale, sell and/or otherwise deal in counterfeit or infringing KAWS Branded Products.

***Interrogatory Response #16***: Defendant states his response to Interrogatory 16 as Not Applicable.

***Interrogatory #17***: To the extent not responded to in response to the foregoing Interrogatories, Identify each and every marketing, sales, and distribution channel used by JA to advertise, offer, sell, and/or provide counterfeit or infringing KAWS Branded Products to the public, including without limitation, Identifying every location, store, outlet, domain name, website, social media page, and any other marketing, distribution, and/or sales channel used by JA in connection with KAWS Branded Products.

***Interrogatory Response #17***: Defendant states his response to Interrogatory 17 as Not Applicable.

***Interrogatory #18***: Identify each and every employee, consultant, manager, shareholder, director, officer or anyone else affiliated with or employed by JA.

***Interrogatory Response #18***: Defendant states his response to Interrogatory 18 as Not Applicable.

Aaron Richard Golub, Esquire, P.C.

The Honorable P. Kevin Castel
June 27, 2023

***Interrogatory #19***:  Identify all current and/or past lawsuits against any of the Anand
Defendants, including without limitation, each and every individual or entity who has
information relevant to this Interrogatory.

***Interrogatory Response #19***:  Defendant states his response to Interrogatory 19 as Not
Applicable.

***Interrogatory #20***:  Identify the first date on which JA sold a counterfeit or infringing KAWS
Branded Product.

***Interrogatory Response #20***:  Defendant states his response to Interrogatory 20 as Not
Applicable.

***Interrogatory #21***:  Identify the first date on which JA advertised, marketed, promoted or offered
for sale, on or through the Internet, a counterfeit or infringing KAWS Branded Product.

***Interrogatory Response #21***:  Defendant states his response to Interrogatory 21 as Not
Applicable.

Plaintiffs' Interrogatories ##3-21 concern the identity of:

(i)    Individuals and/or entities that manufacture, store, import, export, distribute,
       market, promote, advertise, display, sell and/or offer for sale counterfeit or
       infringing KAWS Branded Products;

(ii)   Websites, online marketplace platforms, user accounts, merchant storefronts,
       electronic payment services and/or social media websites that JA uses to
       manufacture, import, export, advertise, market, promote, distribute, store, display,
       sell, offer for sale and/or otherwise deal in counterfeit or infringing KAWS
       Branded Products;

(iii)  Marketing, sales and/or distribution channels used by JA to advertise, sell, offer
       for sale and/or provide counterfeit or infringing KAWS Branded Products to the
       public;

(iv)   JA's employees, consultants, managers, shareholders, directors, officers and/or
       affiliates;

(v)    Lawsuits against JA; and

(vi)   The first date on which JA sold, advertised, marketed, promoted and/or offered
       for sale on the Internet a counterfeit or infringing KAWS Branded Product.

Aaron Richard Golub, Esquire, P.C.

The Honorable P. Kevin Castel
June 27, 2023

***Instead of specifically objecting or providing the requested information, Defendant JA tersely responded to the foregoing 19 Interrogatories: "Not Applicable"*** (emphasis supplied).

In an action alleging that Defendant JA committed copyright and trademark infringement, trademark dilution and unfair competition, false designation of origin and false description on a grand scale, how can information concerning JA's marketing, sales and distribution channels concerning counterfeit or infringing KAWS Branded Products not be applicable? Not only is information concerning the manufacture, storage, import, export, distribution, marketing, promotion, advertising, display, sale and/or offers for sale of counterfeit or infringing KAWS Branded Products by JA applicable to the instant action, it is the very crux of this action. See King, supra, *2; see also Trilegiant, supra, 363; Thuman, supra, *5.

Plaintiffs also need information about JA's employees and affiliates to determine the full extent of JA's counterfeiting and infringing operation, particularly in light of JA's claim in Document Request Responses ##1-6 that he simply worked as a "marketing agent" and JA's failure to list a single witness (aside from himself) in JA's FRCP 26(a) Disclosures (Ex. 9).

Information concerning JA's involvement in lawsuits alleging trademark infringement, copyright infringement and/or unfair competition will provide crucial information concerning where JA sources counterfeit and infringing goods, with whom JA collaborates to market and/or sell counterfeit and infringing goods and/or whether JA has admitted to marketing and/or selling counterfeit and infringing goods.

*Interrogatory #22*

*Interrogatory #22*:  Identify each of the following:

      i.     All e-mail addresses previously owned or used by JA from January 1, 2010;

      ii.    All e-mail addresses presently owned or used by JA;

      iii.   All addresses where JA resided commencing January 1, 2010;

      iv.   All addresses where JA presently resides;

      v.    All addresses where JA stores or distributes any counterfeit or infringing KAWS Branded Products;

      vi.   All addresses where JA stored or distributed any counterfeit or infringing KAWS Branded Products;

      vii.  All addresses from which JA conducted business;

Aaron Richard Golub, Esquire, P.C

The Honorable P. Kevin Castel
June 27, 2023

> viii.  All addresses from which JA presently conducts business.

***Interrogatory Response #22***:  Defendant states,

> i.    jonathananad@gmail.com
>
> ii.   jonathananad@gmail.com
>
> iii.  4211 Radius Way, Newport News, VA 23602; 55 Meadow St., Brooklyn, NY 11206; 90 Eldridge St. New York, NY 10002; 2551 McMenamin St. Hampton. VA 23666.
>
> iv.   Flat 4D, 14-18, Stauton Street, Soho, Central, Hong Kong.
>
> v.    None
>
> vi.   None
>
> vii.  Online
>
> viii. Online

Plaintiffs' Interrogatory #22 concerns JA's email addresses, residences and business addresses and the locations at which JA stores and/or distributes counterfeit or infringing KAWS Branded Products.

JA purported to answer romanettes #22(i)-(iv) concerning JA's email addresses and residences.  With respect to romanettes #22(v)-(vi)—concerning the locations at which JA stores and/or distributes counterfeit or infringing KAWS Branded Products—***JA tersely responded, "None"*** (emphasis supplied).  With respect to romanettes #22(vii)-(viii)—concerning JA's business addresses—***JA flippantly responded, "Online"*** (emphasis supplied).

The foregoing Interrogatory Responses are legally insufficient.  "Online" is not an address.  To the extent that JA conducts business using online marketplace platforms, websites, electronic payment services, online user accounts, internet service providers and/or social media platforms (as opposed to physical brick-and-mortar merchant storefronts), Plaintiffs are legally entitled to specific information with respect thereto.

Defendant JA's claim that there is no address at which JA stores or distributes counterfeit or infringing KAWS Branded Products is a blatant lie.  In the Second Affirmative Defense of JA's Answer (Ex. 11), JA conceded:

> "Plaintiff [sic] states that Defendants [sic] have conducted and are conducting the counterfeiting and infringing activity within this judicial district and elsewhere

Aaron Richard Golub, Esquire, P.C.

The Honorable P. Kevin Castel
June 27, 2023

throughout the United States.  It is stated that all the alleged goods are routinely available on internet e-commerce website like Alibaba and eBay to name some.  ***Defendant as a retail reseller ordered these products from whole sellers and sold on his website***" (emphasis supplied).

See also Ex. 11, ¶2.  Plaintiffs must learn where exactly JA physically stores these counterfeit or infringing KAWS Branded Products once JA orders them from wholesalers and from which physical locations JA sells and ships these counterfeit or infringing KAWS Branded Products.

### *Interrogatory #23*

***Interrogatory #23***:  Identify all opinions upon which JA has relied concerning advertising, marketing, promoting, offering for sale, selling, and/or distributing, counterfeit or infringing KAWS Branded Products.

***Interrogatory Response #23***:  Defendant states his response to Interrogatory 23 as None.

Plaintiffs' Interrogatory #23 concerns the opinions on which Defendant JA relied concerning advertising, marketing, promoting, selling, offering for sale and/or distributing counterfeit or infringing KAWS Branded Products.

***Instead of objecting or providing the requested information, Defendant JA flippantly responded: "None"*** (emphasis supplied).

If JA is a mere "marketing agent"—as he claimed in Document Request Responses ##1-6 (Ex. 3)—then on what has he been relying in conducting the many other aspects of his counterfeiting and intellectual property infringing businesses?  This issue goes to the heart of Plaintiffs' case and will inform Plaintiffs about any purported defenses on which Defendant JA intends to rely.

### *PLAINTIFFS ARE LEGALLY ENTITLED TO ATTORNEY'S FEES*

Pursuant to FRCP 37(a)(5), once a motion to compel is granted, the Court must order the respondent and/or their attorney "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  See also Robinson v. De Niro, 2022 WL 229593, *2 (S.D.N.Y. Jan. 26, 2022).

Defendant JA cannot avail himself of any of the three exceptions to this Rule as:  (i) Plaintiffs submitted this letter after participating in a meet-and-confer with Defendant JA's counsel and attempting in good faith to obtain the discovery without court action; (ii) Defendant JA's failure to provide a single document and substantive interrogatory responses is not substantially justified; and (iii) An award of expenses is patently just especially insofar as Defendant JA has lied to this Court, including in a sworn Affidavit, about his egregious pattern

Aaron Richard Golub, Esquire, P.C.

The Honorable P. Kevin Castel
June 27, 2023

of illegal misconduct.

Respectfully Submitted,

Russell Zwerin

Russell I. Zwerin
*Counsel for Plaintiffs*

cc:  Law Offices of Sanjay Chaubey (via ECF)