Exhibit 19

Exhibit 19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BRIAN DONNELLY, et al.,

                              Plaintiffs,                                  21-cv-9562 (PKC)


              -against-                                                    ORDER

JONATHAN ANAND, et al.,

                              Defendants.
------------------------------------------------------------x

CASTEL, District Judge:

        On June 27, 2023, plaintiffs filed a 34-page letter detailing the many deficiencies

in Jonathan Anand's responses to discovery requests, annexing requests, interrogatories,

deficient responses and related correspondence.  Anand had four days to respond to the

discovery dispute letter.  Individual Practices at ¶ 3(B).  He neither responded nor sought an

extension of time to do so.  More than 3 weeks after the transmission of the letter, Anand still has

not responded.

        The responses of Anand are grossly inadequate.  For example, Request No. 3

seeks: "Documents and Communications concerning all financial statements and other

documents reflecting [Anand's] revenues generated from the marketing, offering for sale and

sale of any KAWS Branded Products. . . ."  Anand responds that "Defendant states [Anand]

worked as marketing agent, all sales were done on China platform.  Now all the businesses and

websites are closed."  Even if true, it ignores the revenues that Anand received as marketing

agent for the Branded Products.  (See also identical responses to Requests Nos. 1, 2, 4, 5 and 6

which suffer from the similar non-responsiveness.)

        Request No. 7 seeks: "Documents and Communications, . . . . concerning the

manufacture, production, distribution, purchase, sale, marketing, advertising, importation, or

exportation of any KAWS Branded Products."  Anand responds that "no KAWS toys were manufactured, all toys were bought in the open market," thereby ducking the issue of his possession of documents relating to "distribution, purchase, sale, marketing, advertising, importation, or exportation" of the Branded Products.  (See identical responses to Requests Nos. 8 and 9 that are similarly non-responsive.)

Request No. 10 seeks documents concerning "any website or domain name registered, operated, owned or used by [Anand] in any manner whatsoever" in connection with any Branded Product.  He responds that he "did not own any website," thereby ignoring the words "registered, operated, . . . or used by [Anand] in any manner whatsoever."

For 49 of the Document Requests, Anand's response is simply "No."  In context, it is neither a response nor an objection.  (See responses to Requests Nos. 11-50, 52-57 and 68.)

Anand's objections do not comply with Rule 34(b)(2)(C), Fed. R. Civ. P., because, among other things, they do not disclose whether any responsive documents are being withheld on the basis of any objection.

Plaintiffs—not Anand—have submitted a statement by Anand that is labeled an "Affidavit" but that is neither an affidavit nor a declaration authorized for use by a person outside the United States.  28 U.S.C. § 1746.[1]  The assertions he makes are ambiguous and raise more questions than they answer.  For example, in paragraph 5 Anand states "that I, for a significant period, reside in China and as such I am not able to provide demanded discoveries to the Plaintiff which are unavailable and burdensome to me."  The statement does not disclose the period he resided or resides in China nor whether the documents are within in his control but "unavailable" for an unstated reason nor whether production would be merely "burdensome."

---

[1] But a false statement to a federal officer in the scope of the officer's responsibilities may be prosecuted under 18 U.S.C. § 1001.

Anand's Interrogatory Responses fair no better.  In the case of 19 of the 23 Interrogatories, Anand has stated without explanation that the Interrogatory is "Not Applicable." (See Response to Interrogatories Nos. 3-21.)  An objection to an interrogatory "must be stated with specificity."  Rule 33(b)(4), Fed. R. Civ. P.

The Court gathers that Anand does not wish to be a party to this action but the vehicles for defeating the claim do not include stonewalling the plaintiffs in discovery.

The Court now Orders as follows:

1. Anand's Objections to Plaintiffs' First Request for Documents are overruled. By August 14, 2023, Anand shall produce all documents responsive to each category of Plaintiffs' First Request for Documents.  If and to the extent that Anand claims any document is protected by the attorney-client privilege or is attorney work product, he shall provide the information required by Local Civil Rule 26.2 by August 14, 2023.  If and to the extent that Anand claims that he has no documents responsive to a particular request in his possession or control, then he shall submit an affidavit or declaration in compliance with 28 U.S.C. § 1746 by August 14, 2023, describing in detail the places and locations that he searched for responsive documents, including any efforts made to secure the documents from a third-party within his control (e.g. family member, friend, lawyer, advisor, accountant, tax preparer).

2. Anand's Objections to Plaintiffs First Set of Interrogatories Nos. 13-21 are overruled.  By August 14, 2023, Anand shall fully respond to Interrogatories Nos. 13-21.

-4-

3. **ANAND SHALL FULLY COMPLY WITH THIS ORDER BY AUGUST 14, 2023.  HIS FAILURE TO DO SO WILL RESULT IN THE FULL RANGE OF SANCTIONS PERMITTED BY RULE 37, FED. R. CIV. P. IN PARTICULAR, THE COURT MAY IMPOSE THE SANCTION OF STRIKING HIS ANSWER AND ENTERING A DEFAULT JUDGMENT AGAINST HIM.  ANY PRE-MOTION REQUIREMENT IS WAIVED FOR ANY MOTION FOR SANCTIONS FILED BY PLAINTIFFS AFTER AUGUST 14, 2023.**

4.  The Clerk shall terminate Letter Motion of June 27, 2023. (ECF 116.)

SO ORDERED.

_____

P. Kevin Castel
United States District Judge

Dated: New York, New York
        July 21, 2023