# Exhibit 21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------X

BRIAN DONNELLY AKA KAWS and
KAWS INC.,

                              Case No.: 1:21-cv 9562 (PKC)

        Plaintiff,

            -against-          **DEFENDANTS'**
                           **SUPPLEMENTAL RESPONSES TO**
                           **PLAINTIFFS' FIRST**
                           **SET OF INTERROGATORIES**

JONATHAN ANAND, both individually and doing
business as HOMELESS PENTHOUSE,
PENTHOUSE THEORY, HIDEOUT.NYC,
INCOGNITO and YOUNG NEON, DAVID
KANG, DYLAN JOVAN LEONG YI ZHI, THE
PENTHOUSE THEORY, THE PENTHOUSE
COLLECTIVE and OSELL DINODIRECT
CHINA LIMITED,

                 Defendants.

---------------------------------------------X

      Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants, Jonathan Anand, both

individually and d/b/a Homeless Penthouse, Penthouse Theory, Hideout. NYC, and Incognito

(Collectively Known as "Defendants") through their attorney, Sanjay Chaubey, Esq., provides the

following responses and objections to Plaintiffs' First Set of Interrogatories.

## <u>GENERAL OBJECTIONS</u>

1. Defendants reserve the right to supplement, revise, correct or clarify any of the responses or

   documents provided herein.

2. Defendants provide these responses and documents without waiving or intending to Waive:

   (a)  Any questions as to competency, relevancy, authenticity, materiality, privilege, right to

       a protective order for trade secrets or other reasons or admissibility in evidence of the

responses and of any documents produced or of their respective subjects' matter in the trial of this action;

(b) The right to object to the use of any of the document produced, the responses herein, or their subjects' matter at the trial of this action; and

(c) The right to object on any ground to any further requests for discovery or the right to claim a privilege with respect thereto.

3. Defendants object to Plaintiff's First Set of Interrogatories to the extent that they purport to impose discovery requirements and/or obligations that are inconsistent with or exceed the obligations imposed under Article 31 of the New York Civil Practice Law and Rules.

4. Defendants object to each Interrogatory to the extent that it calls for information protected by the attorney-client privilege, work product and/or any confidential and proprietary privileged information held by Defendants, or any other applicable privilege.

5. Defendants object to each Interrogatory to the extent that it is unnecessarily burdensome, oppressive, vague and ambiguous, unreasonable cumulative or duplicative.

6. Defendants object to each Interrogatory to the extent that it calls for a legal conclusion.

7. Defendants object to each Interrogatory to the extent that Plaintiff seeks information that is neither relevant to the subject matter involved in this litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

8. Defendants object to each Interrogatory to the extent that plaintiff failed to phrase its interrogatories with clarity and fairness.

9. Defendants object to each interrogatory to the extent that it calls Defendants to admit facts and conclusions of law, which have yet to be determined, by the Court or Jury.

10. Defendants incorporate by reference all of the above general objections into its specific objections below.

11. Defendants reserve the right to seek an appropriate protective order with regard to any of the objectives or privileges contained herein.

## Responses to Interrogatories 13-21

13. Defendant states that he does not use any account to import, export, advertise, market, promote, distribute, store, display, or offer for sale any Kaws Brand products.

14. Defendant states that he does not have any Merchant storefront which manufacture, imports, exports, advertise, market, promote, distribute, store, display, or offer for sale or sell or otherwise deal in counterfeit or infringing any Kaws Brand products.

15. Defendant states that he does not have any Electronic Payment Service which manufacture, imports, exports, advertise, market, promote, distribute, store, display, or offer for sale or sell or otherwise deal in counterfeit or infringing any Kaws Brand Products.

16. Defendant states that he does not have any Social Media website which manufacture, imports, exports, advertise, market, promote, distribute, store, display, or offer for sale or sell or otherwise deal in counterfeit or infringing Kaws Brand Products.

17. Defendant states that he does not have Marketing, sales, and distribution channels to advertise any Kaws Brand products nor does he have any store, outlet, domain name or website which sells any Kaws Brand products.

18. Defendant states that he does not employ any consultant, manager, shareholder, director, officer or anyone else affiliated with or employed by JA.

19. Defendant states that he does not have any present or past lawsuits against him which are relevant to this Interrogatory.

20. Defendant states that he did not sell any counterfeit Kaws products.

21. Defendant states that he did not on any date sell, advertise, market, promote or offer for

sale, on or through the internet, a counterfeit or infringing Kaws branded product.

Dated: August 14, 2023.
    New York, NY

          **_____** /s/ *Sanjay Chaubey*_____

          SANJAY CHAUBEY, Esq.
          *Attorney for Defendants*
          *Jonathan Anand, individually and doing business as*
          *Homeless Penthouse, Penthouse Theory, Hideout*
          *NYC, Incognito and Young Neon*

          420 Lexington Avenue Suite 2148
          New York, NY 10170
          Phone: (212) 563-3223
          chaubeylaw@gmail.com

To:

1. AARON RICHARD GOLUB, ESQUIRE, P.C. (via email)
   Nehemiah S. Glanc (NSG-7264)
   *Attorneys for Plaintiffs*

   24 East 64th Street, Fifth Floor,
   New York, NY 10065
   Tel: (212) 838-4811
   Email: nglanc@argolub.com

   cc: Russell Zwerin: rzwerin@argolub.com; Linda DiLeva: ldileva@argolub.com