# Aaron Richard Golub, Esquire, P.C.

*24 East 64th Street, Fifth Floor*  
*New York, New York 10065*

212 838-4811  
Facsimile 212 838-4869

November 19, 2024

**VIA ECF**
The Honorable P. Kevin Castel
United States Courthouse
Courtroom 11D
500 Pearl Street
New York, New York 10007

      Re:    Brian Donnelly AKA KAWS et al v. Jonathan Anand et al,
             <u>Civil Action No. 1:21-cv-09562 (PKC) (BCM)</u>

Dear Judge Castel:

      This office represents Plaintiffs in the above-captioned action. Plaintiffs submit this letter in accordance with this Court's Order, dated November 8, 2024 (Dkt.#133).

## *Lifting the Stay*

      The position of this office is that the stay in 21-cv-9562 should be lifted, as argued hereinbelow and in Plaintiffs' counsel's letter to this Court, dated October 23, 2024 (Dkt. #132). Plaintiffs filed the Complaint in this action on November 18, 2021 (Dkt.#1). It is now more than three years since that date and Defendant Jonathan Anand ("JA") still has not produced a single document, a single substantive interrogatory response or the name of a single knowledgeable witness.

      On October 25, 2023—one day after Plaintiffs filed in this Court a comprehensive sanctions motion against JA on October 24, 2023, seeking, <u>inter alia</u>, a default judgment against JA ("Plaintiffs' Default Judgment Motion") (Dkt.##122-24)—JA filed a sham Chapter 7 bankruptcy petition in U.S. Bankruptcy Court for the Eastern District of Virginia in a transparently obvious maneuver to stay this New York action and temporarily forestall a default judgment (Dkt.#125).

      Having already succeeded in delaying this New York action for the better part of a year, JA predictably defaulted in Virginia, failing to provide any response whatsoever to Plaintiffs' Motion to Withdraw the Reference and Motion to Transfer Case to the Southern District of New York. Accordingly, Plaintiffs' motion was granted. JA cannot be allowed to continue to prolong this action through his usual pattern of deliberate malfeasance and bad faith misconduct.

      JA's counsel, Sanjay Chaubey's ("Chaubey"), letter to this Court, dated November 15, 2024, is outrageous (Dkt.#134). As an initial matter, Plaintiffs object to Chaubey's request to

*Aaron Richard Golub, Esquire, P.C.*

The Honorable P. Kevin Castel
November 19, 2024

withdraw as JA's attorney insofar as it will grind this action to a halt once again and create even more unnecessary delay. Moreover, Chaubey's claim that the stay in this action cannot be lifted until Chaubey withdraws as counsel for JA already has been rejected out of hand by this Court. During a Case Management Conference with this Court on October 3, 2023, Chaubey declared his intention to withdraw as attorney for JA (see Dkt. Minute Entry set forth between Dkt.##121 and 122). This Court permitted Chaubey to move to withdraw within 14 days of the Case Management Conference (Id.), but Chaubey failed to do so.

On April 5, 2024, Chaubey erroneously informed this Court via letter that JA's Virginia bankruptcy proceedings had concluded and Chaubey further moved to withdraw as counsel for JA (Dkt. #127). After Plaintiffs' counsel corrected the record and informed this Court that JA's Virginia bankruptcy proceedings had not yet concluded (Dkt.#128), this Court denied, on April 15, 2024, Chaubey's motion to withdraw as JA's attorney ***without prejudice to renewal after the bankruptcy stay is lifted*** (Dkt.#130). Accordingly, Chaubey's present request (Dkt.#134) to withdraw as attorney for JA prior to the lifting of the stay in this action flies in the face of this Court's April 15, 2024 Order.[1]

### *Bringing This Matter to a Final Resolution*

On May 2, 2023, this Court granted a default judgment against Defendants Dylan Jovan Leong Yi Zhi, The Penthouse Theory and The Penthouse Collective (Dkt.##114-15). Following discussions with counsel for Defendant David Kang ("Kang"), Plaintiffs' counsel has notified Defendant Kang's counsel that Plaintiffs will dismiss Kang from this action. Following Kang's dismissal, the only remaining Defendant will be JA.

On October 24, 2023, Plaintiffs filed their Default Judgment Motion against JA (Dkt.##122-24). On October 25, 2023, JA filed a bankruptcy petition in U.S. Bankruptcy Court for the Eastern District of Virginia (Dkt. #125). On April 2, 2024, in light of the automatic bankruptcy stay in this action, this Court terminated Plaintiffs' Default Judgment Motion without prejudice to renewal upon the lifting of the stay (Dkt. #130).

Plaintiffs respectfully submit that the sheer extent and brazenness of JA's direct lies to this Court, JA's deliberate noncompliance with multiple Court orders and JA's contemptuous refusal to participate in discovery in this action—as set forth in great detail in Plaintiffs' motion papers (Dkt.##122-24)—are so apparent and offensive that granting a default judgment against JA is the only appropriate sanction. Accordingly, this matter may be brought to a final resolution once this Court reinstates Plaintiffs' Default Judgment Motion, orders JA to respond and enters a

---

[1] Chaubey's assertion that JA was granted a discharge in the U.S. Bankruptcy Court for the Eastern District of Virginia is incomplete and misleading. Plaintiffs objected to the dischargeability of the debt owed by JA to Plaintiffs pursuant to 11 U.S.C. §523(a)(6), which provides that a discharge under, inter alia, 11 U.S.C. §727 does not discharge a debtor from a debt arising from willful and malicious injury caused by the debtor (Dkt. #128).

*Aaron Richard Golub, Esquire, P.C.*

The Honorable P. Kevin Castel
November 19, 2024

default judgment against JA .

Respectfully Submitted,

*Russell Zwerin*
Russell I. Zwerin

cc: Sanjay Chaubey of the Law Offices of Sanjay Chaubey (via ECF)
    Patrick J. McIlwain, Esq. of Rha Kim Grossman & McIlwain, LLP (via ECF)

3