UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BRIAN DONNELLY a/k/a KAWS,

                    Plaintiff/Creditor,

                                                                       24-cv-6320 (PKC)
                                                                      21-cv-9562 (PKC)

      -against-                                                    ORDER

JONATHAN MOHAN ANAND individually and
d/b/a Homeless Penthouse, Penthouse Theory,
Hideout.NYC, Incognito and Young Neon,

                    Defendant/Debtor.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

       This Order addresses the parties' submissions of August 28 and 29, 2025 related to the 2 p.m. bench trial on September 4, 2025 in <u>Donnelly v. Anand</u>, 24 Civ. 6320 (PKC), which will take place in Courtroom 11D.

PLAINTIFF HAS SHOWN GOOD CAUSE FOR HIS FAILURE
TO TIMELY FILE HIS PRETRIAL SUBMISSIONS.

       On August 22, 2025, the Court ordered plaintiff Brian Donnelly to show cause in writing no later than August 29, 2025 why his claim ought not be dismissed based on his failure file pretrial submissions by the August 19, 2025 deadline set in the Court's Order of August 5, 2025.[1] (24 Civ. 6320, ECF 11.) Counsel to Donnelly timely filed a response, citing "an internal miscommunication" between bankruptcy counsel in the 24 Civ. 6320 case and infringement

---

[1] The Order of August 5, 2025 prominently warned plaintiff that the failure to fully comply with the Order would result in the dismissal of his claim.

counsel in the 21 Civ. 9562 case. (Frankel Dec. ¶ 3 (24 Civ. 6320, ECF 12-1).) In essence, infringement counsel "mistakenly assumed that the dischargeability issues had been consolidated with the infringement action" whereas bankruptcy counsel "reasonably believed their role had concluded once the reference was withdrawn." (Frankel Dec. ¶ 4.)

In addition to his response to the Order to Show Cause, Donnelly also filed on August 28, 2025 a witness list, exhibit list, trial memorandum and attorney affidavit, as well as affidavits of service reflecting that these materials have been served upon Mr. Anand both via email and U.S. mail. (24 Civ. 6320, ECF 13-21.) These submissions were required in the Order of August 5, 2025. (Id. ECF 10.)

A litigant's failure to satisfy a court-imposed deadline may be excused if the Court finds both good cause and excusable neglect. Rule 6(b)(1), Fed. R. Civ. P.; Alexander v. Saul, 5 F.4th 139, 154 (2d Cir. 2021). "[M]ere inadvertence, without more, can in some circumstances be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(1)(B)," and "'good cause' in the context of Rule 6(b)(1)" is subject to a "non-rigorous standard." Alexander, 5 F.4th at 154 (quotation marks and citations omitted). "[T]he inquiry into whether a failure to abide by a specified time constraint constitutes 'excusable neglect' is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission, including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith." Petaway v. Osden, 827 Fed. App'x 150, 152 (2d Cir. 2020) (summary order) (quotation marks omitted). Excusable neglect can include delays caused by "inadvertence, mistake, or carelessness." Id. (quotation marks omitted).

Here, the duration of the delay was brief and quickly cured once it was raised by the Court. Plaintiff has credibly explained that the delay was caused by inadvertence, mistake or

carelessness. Defendant, who is proceeding pro se, emailed his own pretrial submissions hours after plaintiff's filings and has not claimed any prejudice caused by plaintiff's delay. The Court also notes that plaintiff has diligently litigated his infringement claims for nearly four years and has no prior history of non-compliance with the Court's orders.

Accordingly, the Court concludes that plaintiff has adequately shown good cause and excusable neglect for his failure to timely file his pretrial submissions.

ANAND'S REQUEST TO APPEAR REMOTELY WILL BE DENIED.

In an email received to the Chambers inbox at 4:50 p.m. on August 28, 2025, with copy to plaintiff's counsel, defendant Anand forwarded a two-page PDF titled "Defendant_Response_Packet_Final," consisting of a cover letter, witness list, exhibit list and trial brief.

The email also attached a PDF titled "Remote_Appearance_Request_Final."[2] Anand's request to appear remotely states in relevant part:

> I respectfully request permission to appear remotely (via Zoom or telephone) for the September 4, 2025 bench trial in the above-captioned matter.
>
> I am currently located in Shenzhen, China, where I reside, and I am unable to travel to New York due to financial hardship and international travel constraints. I wish to fully participate in the proceedings and present my defense, and I believe a remote appearance would allow me to do so while avoiding prejudice to either party.

(emphasis added).

The body of Anand's August 28 email states: "I respectfully request the Court's permission to appear remotely (via Zoom or telephone) for the September 4, 2025 bench trial, as I currently reside in Bangkok, Thailand and cannot travel to New York due to financial hardship

---

[2] The Court will file to ECF Anand's PDF submissions, as well as the body of his email to the Chambers inbox.

and international travel constraints." (emphasis added)  Donnelly opposes Anand's request to appear remotely.  (24 Civ. 6320, ECF 22.)

Anand's request to appear remotely will be denied for several reasons.

"At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise.  For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."  Rule 43(a), Fed. R. Civ. P.  A court has broad discretion to allow live testimony by video, and many circumstances may constitute good cause, such as where a witness's immigration status may preclude live testimony.  <u>Rodriguez v. Gusman</u>, 974 F.3d 108, 114 (2d Cir. 2020).[3]  At the same time, "[t]he importance of presenting live testimony in court cannot be forgotten.  The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition.  Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial."  Rule 43, advisory committee's note to 1996 amendment.

Anand has not demonstrated good cause or compelling circumstances to appear remotely.  First, his actual whereabouts are unclear.  In the body of his email to the Court, Anand states, "I currently reside in Bangkok, Thailand . . . ."  But in the PDF letter in which he asks to appear remotely, Anand states, "I am currently located in Shenzhen, China, where I reside . . . ."  Anand's trial submissions list his address as Newport News, Virginia, which is the same address listed with his appearance in the case docketed at 21 Civ. 9562 (PKC).  Even allowing for

---

[3] There is no claim by Anand that his immigration status would be an impediment to entry into the United States.

Anand's status as a pro se litigant, his own contradictory statements on his whereabouts fall short of establishing good cause or compelling circumstances to appear remotely.

Second, Donnelly has asserted that his claims against Anand are nondischargeable debt in bankruptcy pursuant to 11 U.S.C. § 523(a)(6), which requires the Court to adjudicate whether there was "willful and malicious injury by the debtor to another entity or to the property of another entity . . . ." In his witness list, Anand asserts that he played a "limited role as marketing contractor" and did not act with willful or malicious intent. The Court, as finder of fact in this bench trial, will be required to assess Anand's credibility and state of mind. Given the underlying issues and Anand's description of his own anticipated testimony, his in-person testimony is required in order for the Court to assess his demeanor and credibility and to make the findings required of section 523(a)(6). See, e.g., Teller v. Helbrans, 2019 WL 3975555, at *2 (E.D.N.Y. Aug. 21, 2019) ("the Court's own need to examine Petitioner, evaluate his credibility and demeanor, given his singular importance to this case . . . requires his presence for live, on-the-record, in-person testimony.").

Third, the September 4, 2025 trial date was set in the Order of August 5, 2025, but Anand did not request to appear remotely until August 28, 2025. Assuming the truth of Anand's assertion that he currently resides abroad (either in Bangkok, Thailand or Shenzhen, China) he offers no explanation as to why he waited until a week before trial to make the request. Anand does not assert that any changed circumstances arose following the August 5, 2025 Order that necessitate the request.

Fourth, Anand does not request an adjournment of the trial date or offer alternative future dates where he would be available to appear in person. The failure to do so invites further delay and impedes timely resolution of this case.

- 6 -

The Court therefore concludes that Anand has not demonstrated good cause or compelling circumstances to appear remotely.

TRIAL WILL PROCEED AS SCHEDULED.

For the avoidance of any doubt, the Court reiterates that the bench trial in Donnelly v. Anand, 24 Civ. 6320 (PKC), will take place at 2 p.m. on September 4, 2025 in Courtroom 11D of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY.

**THE FAILURE OF ANY PARTY TO APPEAR IN PERSON AT THE SEPTEMBER 4, 2025, 2 P.M. TRIAL WILL RESULT (A) IN THE CASE OF THE PLAINTIFF, IN THE DISMISSAL OF THE PLAINTIFF'S CLAIM AGAINST DEFENDANT; AND (B) IN THE CASE OF THE DEFENDANT, IN THE ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT.**

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       August 29, 2025