UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BRIAN DONNELLY a/k/a KAWS and KAWS
INC.,

                    Plaintiffs,

                                                                                                     21-cv-9562 (PKC)

          -against-                                                    ORDER

JONATHAN ANAND, individually and d/b/a
Homeless Penthouse, Penthouse Theory,
Hideout.NYC, Incognito and Young Neon,

                    Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiffs Brian Donnelly and KAWS Inc. commenced this action on November 18, 2021.  (ECF 1.)  Donnelly is a well-known artist who works under the name KAWS.  The Complaint alleges that defendant Jonathan Anand, doing business as five unregistered entities, marketed and sold products that infringed and diluted plaintiffs' distinctive trademarks, including through the sales of counterfeit items.  The Complaint brings claims under the Lanham Act, 15 U.S.C. §§ 1114, 1116, 1117, 1125, and one claim of copyright infringement, 17 U.S.C. § 501.

        Plaintiffs move to strike Anand's answer and for the entry of default judgment pursuant to Rule 37(b)(2)(A), Fed. R. Civ. P.  (ECF 122.)  Anand has produced no documents in this nearly four-year-old case.  His written responses to plaintiffs' requests for documents and interrogatories have been evasive, contradictory and lacking in meaningful detail.  His deficient responses continued after the Court issued an Order warning that continued non-compliance would result in the striking of his answer and the entry of default judgment.  In light of Anand's

willful and protracted non-compliance, plaintiffs' sanctions motion will be granted. Anand's answer will be struck and default judgment will be entered against him as to liability. The parties will be directed to make supplemental filings on damages and the award of attorneys' fees and costs.

Anand Has Not Complied with the Court's July 21, 2023 Order.

After a scheduling conference of January 17, 2023, the Court entered a Civil Case Management Plan and Scheduling Order that provided for the close of fact discovery on July 28, 2023. (ECF 94.)

Plaintiffs served Anand a First Set of Document Requests and First Set of Interrogatories on March 1, 2023. (ECF 123-10, -11.) On March 22, 2023, Anand's counsel emailed plaintiffs' counsel stating:

> Thank you for your email and Notice of Deposition. As you know, my client resides and works overseas and it is really difficult to coordinate with him.
>
> We have not yet been able to provide your written discovery requests or send our interrogatories to Plaintiff. In view of the above, I would request you to extend the discovery period and postpone the deposition on a mutually agreed date for all the parties.

(ECF 123-30.) Plaintiffs' counsel responded in part that "[i]t is inconceivable that you have been unable to communicate with your own client via email or telephone for the last 3 weeks." (Id.)[1] Plaintiffs consented to the production of Anand's discovery responses no later than April 19, 2023, to be followed by Anand's deposition three to four weeks thereafter. (Id.) Plaintiffs also

---

[1] While Anand's whereabouts have been an issue throughout this litigation, on March 28, 2022, he swore to an affidavit before a notary public of the Commonwealth of Virginia. (ECF 68.)

stated that Anand had engaged in "dilatory tactics" that were "especially egregious" in light of his "deficient" Rule 26 initial disclosures.[2] (Id.)

Anand served written discovery responses on April 10, 2023. (ECF 123-12, -13.) In response to six requests for documents relating to sales, revenue, profits and marketing costs, Anand responded, "Defendant states that JA [presumably, Jonathan Anand] worked as marketing agent, all sales were done on China platform. Now all the businesses and websites are closed." (ECF 123-12 at 3-4.) In response to three requests for documents that related to the purchase and manufacture of the allegedly infringing products, Anand responded: "Defendant states that no KAWS toys were manufactured, all toys were bought in the open market." (Id. at 4.) In response to a request for documents that related to website and domain usage, Anand responded, "Defendant states that JA did not own any website." (Id. at 4.) As to 65 document requests, Anand responded either "No" or "Not Applicable." (Id. at 4-8.) In response to a request for non-privileged documents related to prior litigations in which he was a defendant, Anand pasted links to the homepage of this District's Electronic Case Filing system and cited two docket numbers. (Id. at 6.)

Anand also did not provide meaningful responses to Plaintiffs' First Set of Interrogatories. (ECF 123-13.) In response to a request to identify every "whole seller" that Anand referenced in his Second Affirmative Defense,[3] Anand stated "that there are over 100 sellers on websites such as eBay, AliBaba, AliExpress and DHGate." (ECF 123-13 at 4.) He responded "Not Applicable" to Interrogatories No. 3 to 21. (Id. at 4-5.) For "[a]ll addresses"

---

[2] Anand's Rule 26(a)(1) initial disclosures listed Anand as the sole witness likely to have discoverable information, responded "None" as to materials in his possession, custody or control that he may use to support his defenses, and responded "Not known at this time" as to any insurance agreement liable to satisfy possible judgment. (ECF 123-9.)
[3] Anand's Second Affirmative Defense uses the term "whole sellers," as does his March 28, 2022 affidavit. (ECF 84 ¶ 8; ECF 68 ¶¶ 11, 13.)

from which Anand currently and formerly conducted business, he responded, "Online." (ECF 123-13 at 16.)

On April 18, 2023, plaintiffs' counsel emailed Anand's counsel, Sanjay Chaubey, to schedule a telephonic meet-and-confer session about Anand's discovery responses. (ECF 123-15.) According to plaintiffs' memorandum of law, counsel for both sides held a "lengthy" meet-and-confer session on April 20, 2023. (ECF 124 at 9.)

On April 27, 2023, Anand's counsel emailed plaintiffs' counsel as follows:

> Good afternoon,
> Pursuant to the telecon on Thursday, April 20, 2023, please note Defendant's responses:
> 1. For document request, the Defendants do not possess any such documents and will provide an affidavit for the same.
> 2. For interrogatories, jonathananand@gmail.com is the correct email address.
> Thank you,
> Sue
> Associate Lawyer

(ECF 123-16.) On April 28, 2023, plaintiffs' counsel responded via email, stating in relevant part: "Please confirm that Defendants will not be providing Plaintiffs with additional amended and supplemental Responses." (ECF 123-17.) According to plaintiffs' memorandum of law, Anand's counsel did not reply. (ECF 124 at 9.)

Anand later submitted to plaintiffs a document captioned as an "Affidavit" that was signed by Anand on June 13, 2023 but contained no jurat, i.e., a statement that it was sworn before an officer authorized to administer oaths, and no signature of the officer who administered the oath. (ECF 123-18.) In it, Anand repeatedly stated that he would not produce documents in this proceeding:

> I state that the Plaintiff is fully aware that I, for a significant period, reside in China and as such I am not able to provide demanded

> discoveries to the Plaintiff which are unavailable and burdensome to me. (Id. ¶ 5.)
>
> I further state that I have substantially complied with Plaintiffs' demands and requests and have provided all answers and responses to the best of my ability and availability. (Id. ¶ 6.)
>
> I further state that I do not possess any of the documents requested by the Plaintiff except for those already provided to Plaintiff's attorney via email on April 10, 2023. (Id. ¶ 8.)
>
> I further state that despite complying with all the demands and requests by Plaintiff, the Plaintiff continues to make demands only with an ulterior motive to burden, harass, and pressure me because the Plaintiff understands these documents don't exist and is well aware that the products to which he refers in his demands are easily available on any website like eBay, Amazon, and Alibaba to name a few. Hence, no further special documents can be produced in response to Plaintiffs' demands. I have clearly stated in my responses that I was not responsible for ordering products nor involved in the day-to-day of these businesses. (Id. ¶ 15.)
>
> In view of the above facts, I state that I have no documents and/or further information, except as those already provided, in response to Plaintiffs' demands. (Id. ¶ 18.)

Anand also stated that he "only offered marketing services" for certain businesses and had no role in management, supervision, ordering products, or facilitating deliveries. (Id. ¶¶ 11, 15, 16.)

On June 27, 2023, plaintiffs filed a 34-page, single-spaced letter motion that detailed Anand's responses to each interrogatory and document request. (ECF 116.) It moved for an Order to compel Anand to submit amended or supplemental responses. (Id.)

The Court issued an Order on July 21, 2023. (ECF 118.) It noted that more than three weeks had elapsed since the filing of plaintiffs' letter motion to compel and that Anand had not responded. (Id. at 1.) The Order detailed why Anand's discovery responses were "grossly inadequate" and "suffer from . . . non-responsiveness." (Id. at 1-2.) As to the numerous responses consisting of an unelaborated "No," the Order stated that "[i]n context, it is neither a

response nor an objection." (Id. at 2.) It stated that Anand's objections did not comply with Rule 34(b)(2)(C), Fed. R. Civ. P., because they failed to disclose whether responsive documents were being withheld based on any objection. (Id. at 2.)

The Order addressed the purported "Affidavit" that Anand had submitted to plaintiffs, noting that it was "neither an affidavit nor a declaration authorized for use by a person outside the United States." (Id.) "The assertions he makes are ambiguous and raise more questions than they answer." (Id.) As to Anand's interrogatory responses, the Court noted that by responding "Not Applicable," he failed to object with the specificity required by Rule 33(b)(4), Fed. R. Civ. P. (Id. at 3.) "The Court gathers that Anand does not wish to be a party to this action but the vehicles for defeating the claim do not include stonewalling the plaintiffs in discovery." (Id.)

The Court overruled Anand's objections to Plaintiffs' First Request for Documents and ordered Anand to produce all responsive documents by August 14, 2023. (Id. at 3.) In the event that Anand claimed not to have responsive documents, the Court required him to submit either an affidavit or a declaration that complied with 28 U.S.C. § 1746, detailing the places and locations that he searched for responsive documents, including efforts to secure documents from a third party within his control, such as an accountant or tax preparer. (Id. at 3.) The Court also overruled Anand's objections to Plaintiffs' First Set of Interrogatories and ordered Anand to fully respond to Interrogatories Nos. 13 to 21. (Id. at 3; ECF 120.)

In all-capitalized, boldfaced lettering, the Court directed as follows:

> **ANAND SHALL FULLY COMPLY WITH THIS ORDER BY AUGUST 14, 2023. HIS FAILURE TO DO SO WILL RESULT IN THE FULL RANGE OF SANCTIONS PERMITTED BY RULE 37, FED. R. CIV. P. IN PARTICULAR, THE COURT MAY IMPOSE THE SANCTION OF STRIKING HIS ANSWER AND ENTERING A DEFAULT JUDGMENT**

**AGAINST HIM. ANY PRE-MOTION REQUIREMENT IS WAIVED FOR ANY MOTION FOR SANCTIONS FILED BY PLAINTIFFS AFTER AUGUST 14, 2023.**

(ECF 118 at 4.)

The July 21, 2023 Order initially directed responses to Interrogatories Nos. 13 to 21. The day that the July 21, 2023 Order was filed, plaintiffs' counsel filed a letter noting that the Order likely contained a typographical error and should have ordered Anand to respond to "Interrogatories Nos. 3-21." (ECF 119.) Plaintiffs were correct, and the Court issued an Order on July 25, 2023 that stated in part: "The Order of July 21, 2023 is modified to delete the reference to 'Interrogatories 13-21' and in its place insert 'Interrogatories 3-21' in paragraph No. 2 on p. 3." (ECF 120.) Thus, the July 21, 2023 Order, as amended, unambiguously ordered Anand to supplement his responses to Interrogatories 3-21.

Following the issuance of the July 21, 2023 Order, Anand served plaintiffs with his Supplemental Responses to Plaintiffs' First Set of Interrogatories, dated August 14, 2023. (ECF 123-21.) They supplemented responses to Interrogatories 13 to 21, rather than 3 to 21, as required by the July 21, 2023 Order, as amended. (Id.) Again, his responses were evasive and incomplete. The interrogatories asked Anand to identify certain accounts and services that he "presently uses" and "used," and sought information other about past and present activities. (See ECF 123-11, Interrogatories No. 13-19.) Anand denied presently using such accounts and services but was silent as to any past use of accounts or services. (ECF 123-21 (responding that Anand "does not use, "does not have" and "does not employ" certain accounts, services or executives).)

Anand separately served plaintiffs with an "affidavit," in actuality a defective declaration under 28 U.S.C. § 1746, dated August 14, 2023.[4] (ECF 123-22.) In it, he stated that all operations related to the defendant businesses were based in China, that "I only offered marketing services for some of the Defendant businesses,[5] and I do not own any interest or ownership in any of the entities named in this matter. I was not a part of the day-to-day operations of the Defendant businesses in this matter. I did not manage or supervise these businesses. I did not have any authority, control or possession of the documents requested by Plaintiff." (Id. ¶¶ 4-5.) He stated that he "made reasonable inquiries and efforts to find concerned people in China but to no avail. Therefore, as stated above, I have no possession of any documents requested by the Plaintiff in its document discovery." (Id. ¶ 9.) Anand gave no detail as to what his "reasonable inquiries and efforts" entailed or the "concerned people in China" that he referenced.

Anand's assertions that he worked in a limited marketing capacity also contradicted statements that he made in his answer and in an affidavit in support of an extension of time to file the answer, in which he stated that "I as a retail reseller ordered these products from whole sellers and sold on my website," referenced items "sold by me as a retailer," and stated, "Defendant as a retail reseller ordered those products from whole sellers and sold on his website." (ECF 68 ¶¶ 11, 13; ECF 84 (emphasis added).) At a conference of January 17, 2023, Anand's counsel similarly described this action as "only a case of the retail reseller." (ECF 104 at 11.) Separately, in the June 13, 2023 "Affidavit" discussed above, Anand stated that he "did

---

[4] With evident deliberateness, Anand expressly invoked subdivision 1 of section 1746 of title 28, the provision for a declaration executed outside the United States. Yet Anand omitted the required language for a section 1746(1) declaration, i.e., that the declaration is made under penalty of perjury "under the laws of the United States of America."

[5] Anand was sued as "Jonathan Anand, both individually and doing business as Homeless Penthouse, Penthouse Theory, Hideout NYC, Incognito."

not own nor possess any interest in any of the businesses as mentioned in this matter <u>except for Homeless Penthouse</u>, which is a media outlet and online magazine." (ECF 128-18 ¶ 9; emphasis added.)  All of these statements are inconsistent with Anand's later assertion that his responsibility was limited to marketing tasks.

<u>The Bankruptcy Proceedings and the Withdrawal of Counsel</u>

Plaintiffs filed this motion for sanctions on October 24, 2023.  (ECF 122.)  One day later, on October 25, 2023, Anand filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Virginia.  <u>In re: Jonathan Mohan Anand</u>, 23-50762 (SCS) (E.D. Va. Bankr.).  By operation of law, the filing triggered the automatic bankruptcy stay, 11 U.S.C. § 362.  (ECF 125, 126.)  The Court terminated plaintiffs' sanctions motion without prejudice to renewal upon the lifting of the bankruptcy stay.  (ECF 126.)

Anand's bankruptcy petition identified Donnelly as a "Nonpriority Creditor" with unsecured claims totaling $10,000,000.00.  (<u>Id.</u> ECF 1 at 20.)  It identified David Kang and Dylan Jovan Leong Yi Zhi, both of whom were named as defendants in this case, as his "Codebtors."  (<u>Id.</u> at 26.)

Plaintiffs, as creditors, brought an adversarial proceeding in the context of Anand's bankruptcy proceeding, asserting that their claims against him in this case are nondischargeable debt pursuant to 11 U.S.C. § 523(a)(6).  <u>Brian Donnelly aka KAWS and KAWS Inc. v. Jonathan Anand,</u> 24-5001 (SCS).  Plaintiffs successfully moved in the district court for the Eastern District of Virginia to withdraw the reference to Bankruptcy Court and to transfer the adversarial proceeding on dischargeability to this District, where it was referred and accepted by the undersigned as related to this action.  <u>Donnelly v. Anand</u>, 24 Civ. 6320 (PKC) (ECF 5).

On October 23, 2024, plaintiffs advised the Court of the status of Anand's bankruptcy proceedings and requested that the automatic bankruptcy stay be lifted. (ECF 132.) In response, the Court issued an Order directing the parties to show cause in writing by November 19, 2024 why the bankruptcy stay ought not be lifted. (ECF 133.)

Anand's counsel, Sanjay Chaubey, filed a letter stating that he had "a potential conflict of interest" with Anand based on his status as a creditor to Anand,[6] stated that Anand did not object to his withdrawal as attorney in this case, and stated that he, Chaubey, "may not be in a position" to advise the Court on whether the bankruptcy stay ought to be lifted. (ECF 134.)[7]

The Court issued an Order stating that Mr. Chaubey had not moved to withdraw, and that if he wished to do so, he should file a withdrawal motion by December 16, 2024, with a copy served upon Anand. (ECF 137.) The Court later granted Mr. Chaubey's request for an extension to file the motion until January 9, 2025. (ECF 139.) Mr. Chaubey filed the motion but no affidavit of service reflecting that he had served his motion upon Anand. (ECF 140, 142.) The Court ordered Mr. Chaubey to file an affidavit of service "forthwith." (ECF 142.) Mr. Chaubey thereafter filed an affidavit of service, and the Court granted his withdrawal motion on April 3, 2025. (ECF 143, 147.)

On May 14, 2025, plaintiffs' counsel wrote to the Court requesting reinstatement of the motion for sanctions. (ECF 150.) The Court issued an Order directing Anand to respond

---

[6] The Court notes that Mr. Chaubey was not identified as a creditor in Anand's bankruptcy petition, a fact not known by the Court at the time of his assertion of a conflict.

[7] The undersigned, who was presiding over the only remaining portion of the bankruptcy proceeding, which related to the dischargeability of the infringement claims, implicitly authorized the lifting of the stay in authorizing Chaubey to move to withdraw and allowing reinstatement of the sanctions motion. In a Chapter 7 proceeding, the stay lifts at "the time a discharge is granted or denied," 11 U.S.C. § 362(c)(2)(C), and a docket entry of February 7, 2024 in Anand's bankruptcy case states, "Discharge of Debtor(s)." 23-50762 (E.D. Va. Bankr.) ECF 16. No party has suggested that the bankruptcy stay remained in effect.

to plaintiffs' sanctions motion by June 2, 2025. (ECF 151.) Plaintiffs filed an affidavit reflecting that the Order was served by mail upon Anand. (ECF 152.)

Anand emailed the Court's Chambers Inbox two responses in opposition to the sanctions motion on June 2 and 4, 2025, with copy to plaintiffs' counsel. The Court has filed these submissions to the public docket. (ECF 157, 158.) Anand's June 2 submission asserts that any litigation delays were not due to bad faith or neglect but the "difficult circumstances" caused by his personal bankruptcy. (ECF 157.) Anand states that he has relocated to China, where "technical and personal hurdles" have limited his email access. (Id.) Anand states that he would like to "fairly respond to the claims and participate in this case" now that he has "stability," and asserts without elaboration that he has "evidence and information that can help explain my side, and I want the chance to share it properly. This case has been pending for over three years, and no real harm has been caused by a short delay." (Id.) He references "Concerns Over Litigation Conduct" and describes plaintiffs' sanctions motion as a "technical request for default" that is "discouraging and feels more like a tactic than a genuine attempt at justice." (Id.)

Anand's June 4 letter states that it is intended "to clarify a core misunderstanding" about this litigation, asserting that "this lawsuit feels like a personal campaign of harassment by [Donnelly]" that was "sparked by a public disagreement we had on Instagram years ago." (ECF 158.) Anand asserts that his comments "offended" Donnelly, causing him to "pursue[ ] me personally and relentlessly" in a "deeply personal" way. (Id.) Anand asserts that plaintiffs' claims are "extremely unfair" because he worked only as a marketing employee for a furniture and décor business. (Id.) He states that he has not intended to be disrespectful toward the Court and again points to the personal turmoil he experienced as a consequence of the bankruptcy proceedings. (Id.)

Anand's letter of June 2 requested an extension until July 17, 2025 to submit a more formal response. Anand then filed his June 4 letter expanding upon his opposition to the sanctions motion. Plaintiffs thereafter filed two letters responding to Anand. (ECF 155, 157.) Anand, who has been granted permission to participate in electronic case filing in this case, has submitted no further response. The Court concludes that Anand has had notice of the pending sanctions motion and has availed himself of the opportunity to be heard in opposition.

The Court scheduled the bench trial of plaintiffs' adversary proceeding, which, after an adjournment request, was rescheduled for October 9, 2025. Anand, despite due notice, did not appear at the trial. After hearing live testimony and reviewing the admitted trial exhibits, the Court found as a fact that Anand willfully and maliciously infringed plaintiffs' copyright and trademarks and concluded that the claims in this action are nondischargeable bankruptcy debt under section 523(a)(6). Alternatively, the Court concluded that by not appearing at trial after knowing the time and place of the trial, Anand failed to "otherwise defend" the case, and that entry of default judgment against Anand was appropriate under Rule 55(a), Fed. R. Civ. P. See 24 Civ. 6320 (ECF 46); October 9, 2025 Transcript.

The sanctions motion became ripe for decision following that ruling.

The Sanction of Default Is Warranted Under Rule 37(b)(2)(A).

"If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Rule 37(b)(2)(A), Fed. R. Civ. P. Those orders "may include . . . striking the pleadings in whole or in part . . . [or] rendering a default judgment against the disobedient party . . . ." Rule 37(b)(2)(A)(iii), (vi). When imposing sanctions pursuant to Rule 37, the non-exclusive factors include "'(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the

duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of noncompliance.'" Funk v. Belneftekhim, 861 F.3d 354, 366 (2d Cir. 2017) (quoting Southern New England Telephone Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010)).

"Discovery sanctions under Federal Rule 37 are deterrents (specific and general) meant to punish a recalcitrant or evasive party." In re Gravel, 6 F.4th 503, 515 (2d Cir. 2021). "Federal Rule 37 protects more than the interest of a party in remedying or avoiding certain costs; it protects the interests of the parties, the court, and the public in a speedy and just resolution of the case." Id.  The more "severe sanctions" of Rule 37 "may be appropriate in 'extreme situations,' as 'when a court finds willfulness, bad faith, or any fault on the part of the" noncompliant party.'" Guggenheim Cap., LLC v. Birnbaum, 722 F.3d 444, 451 (2d Cir. 2013) (quoting Bobal v. Rensselaer Polytechnic Institute, 916 F.2d 759, 764 (2d Cir. 1990)).  The sanction of default may properly issue if a party's "intransigence spanned months . . . ." Id. Where a party has been informed that continued non-compliance will result in entry of default judgment, dismissal may be warranted if the party repeatedly fails to respond to interrogatories or produce documents.  Robertson v. Dowbenko, 443 Fed. App'x 659, 660-61 (2d Cir. 2011) (summary order).  "Rule 37 sanctions, including the most severe, may be imposed against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in a sanction."  Id. (quotation marks and ellipses omitted).

A party's "sustained recalcitrance" supports a finding of willful non-compliance. Guggenheim, 772 F.3d at 451.  "[P]ersistent noncompliance with discovery obligations" can raise "a permissible inference of willfulness." Bhagwanani v. Brown, 665 Fed. App'x 41, 43 (2d Cir. 2016) (summary order).

The July 21, 2023 Order, as amended (ECF 118, 120), summarized Anand's discovery failures, overruled his objections and directed him to produce responsive documents. It warned him that non-compliance would result in the entry of default judgment and the striking of his answer. Anand's responses were nevertheless evasive, vague and intransigent. He responded only to Interrogatories Nos. 13 to 21 instead of 3 to 21, as the amendment to the Order made plain (ECF 120). Those responses addressed only Anand's current accounts and services used, even though interrogatories asked about both past and present usage. As to the document requests, Anand again produced no materials. He asserted that he "made reasonable inquiries and efforts to find concerned people in China but to no avail." (ECF 123-22 ¶ 9.) He did not explain what his efforts entailed or identify the "concerned people in China," despite the Court's order that he "shall . . . describe[e] in detail the places and locations that he searched for responsive documents . . . ." (ECF 118.)

Anand's submissions of June 2025, submitted pro se, are similarly evasive. Without elaboration, he claims to "have evidence and information that can help explain my side, and I want the chance to share it properly." (ECF 157 at 2.) He states a desire to "fairly respond to the claims and participate in this case" now that he has "stability," citing to his past "Serious Life Challenges" and struggles "to stay afloat financially, emotionally, and now legally" as a result of his personal bankruptcy. (Id. at 2, 1.) He also describes this case as "a personal campaign of harassment" and "punishment for a grudge" by plaintiff Donnelly that arose from "a public disagreement" that the two had on Instagram. (ECF 158 at 1.)

Accepting the truth of Anand's accounts of personal turmoil, he was represented by counsel from March 17, 2022 through April 3, 2025. His "life challenges" do not excuse his evasive and incomplete responses and repeated noncompliance with the July 2023 Order. He

does not address his ongoing failure to respond to plaintiffs' discovery requests and does not describe the "evidence or information" that could "help explain" his position. There is no suggestion that he has supplemented his discovery responses to supply this evidence or information. Anand's characterizations of Donnelly's personal motives for litigating this case and are not germane to the sanctions motion.[8] The willfulness of Anand's noncompliance is also consistent with his failure to appear at the bench trial in the related adversary proceeding despite being placed on notice that the failure to do so would result in the entry of default judgment.

Anand has inconsistently characterized his role in the various "doing business as" entities identified in the Complaint. In an affidavit filed earlier in this case, Anand stated: "I as a retail reseller ordered these products from whole sellers and sold on my website." (3/28/22 Aff't ¶ 11 (ECF 68).) He stated that the disputed items "were sold by me as a retailor . . ." (Id. ¶ 13.) He stated "that some of the websites were closed as business was not good, like, Hideout and Young Neon." (Id. ¶ 3.) In Anand's answer, the Second Affirmative Defense states: "Defendant as a retail reseller ordered these products from whole sellers and sold on his website." (Answer ¶ 8 (ECF 84).) These descriptions of his duties cannot be reconciled with his later assertions that he was "hired to do marketing work for a business that primarily sold furniture and home decor. I did not own or operate that company. I was not involved in sourcing, production, logistics, or fulfillment." (ECF 158.) Recasting himself as a person with limited marketing responsibilities, after previously describing himself "as a retail reseller" who sold items on "his website," is consistent with a willful attempt to obstruct discovery by minimizing his role in the underlying conduct.

---

[8] The Court does not afford weight certain 2023 social-media posts purported to be published by Anand, which plaintiffs urge displayed a hostility to KAWS products. (See ECF 123-28, -29, -35, -36.)

Anand's sustained recalcitrance and noncompliance with the July 21 2023 Order, as amended, comfortably support a finding of willfulness.

The Court's express and non-technical warning that non-compliance with the July 21, 2023 Order, as amended, could result in the striking of Anand's answer and entry of default judgment were not sufficient to bring him into compliance with the Court's July 21, 2023 Order, as amended. Anand's supplemental responses were incomplete and vague. Anand did not produce any documents and he did not provide meaningful detail as to his attempts to locate such documents. While Anand's most recent submissions of June 2025 suggest that he wishes to defend this case and "ha[s] evidence" that will help his case, he proposes no course of action to bring himself into compliance with the July 21, 2023 Order. (ECF 157 at 2.) In light of the foregoing, the Court concludes that lesser sanctions would not be efficacious.

The duration of Anand's noncompliance is extensive. The July 21, 2023 Order, as amended, overruled Anand's objections to plaintiffs' first request for documents and interrogatories. (ECF 118.) It directed him to "fully" respond to the interrogatories and to detail his search for responsive documents. Anand did not comply in the three months that followed, leading to plaintiffs' sanctions motion of October 24, 2023. After the Court granted Chaubey's motion to withdraw on April 3, 2025, Anand took no steps in the ensuing six months to bring himself into compliance with the July 21, 2023 Order, and his submissions of June 2025 proposed no course of action for doing so. The duration of non-compliance weighs in favor of sanctions.

The July 21, 2023 Order expressly warned Anand that noncompliance with that Order "will result in the full range of sanctions permitted by Rule 37," including the striking of his answer and entry of default judgment. (ECF 118 at 4.) The warning was bolded, capitalized

and written in straightforward, non-technical language. If the threat of dismissal was insufficient to bring Anand into compliance with the Court's Order, there is no reason to believe that a lesser sanction, e.g. monetary or evidentiary, would have done so. Anand's failure to act in light of this warning weighs in favor sanctions.

Weighing the non-exclusive factors that guide a court's Rule 37(b)(2)(A) analysis, the Court comfortably concludes that severe sanctions are warranted. Anand has fully obstructed the progress of this case and stonewalled plaintiffs' discovery requests. The evidence supports the conclusion that Anand's non-compliance was willful. Anand did not comply with the July 21, 2023 Order, as amended, in the three months prior to the filing of the sanctions motion, and, in the six months after Chaubey's withdrawal, he has taken no steps to do so, despite being warned that non-compliance could result in sanctions that include the entry of default judgment and the striking of his answer. This further reinforces the Court's conclusion that lesser sanctions would not be sufficient.

Accordingly, the Court will direct the Clerk of Court to strike Anand's answer and enter a default judgment as to liability.

Plaintiffs' Application for Reasonable Costs and Attorneys' Fees Will Be Granted

Plaintiffs seek an award of reasonable attorneys' fees and costs pursuant to Rule 37(b)(2)(C), Fed. R. Civ. P., which states that "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." "Monetary sanctions are the norm, not the exception, when a party is required to engage in motion practice in order to obtain the discovery to which it is entitled." Suarez v. Liquid Blue, Inc., 2024 WL

2058166, at *2 (S.D.N.Y. May 7, 2024) (Liman, J.) (quotation marks omitted).  Absent substantial justification or circumstances making such an award "unjust," an award of reasonable fees and costs is "mandatory," but the award "must be 'compensatory rather than punitive in nature.'"  In re Kwok, 2025 WL 783645, at *3 (2d Cir. Mar. 12, 2025) (summary order) (quoting Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 108 (2017)).

       The Court will award plaintiffs reasonable expenses, including attorneys' fees, incurred in connection with this motion for sanctions and with the preparation of plaintiffs' letter-motion of June 27, 2023, which sought an Order compelling Anand to comply with Plaintiffs' First Set of Document Requests and First Set of Interrogatories.  (ECF 116.)  As discussed, Anand's supplemental interrogatory responses addressed only Interrogatories No. 13-21, despite the amendment on July 25, 2025 (ECF 120).  The responses also ignored questions directed toward Anand's past conduct and responded only in the present tense.

       Plaintiffs have not proposed an amount that they seek in reasonable expenses and have attached no documentation that records attorney work hours and billing rates.  The Court will direct them to supplement their application for expenses.  Anand will be given an opportunity to respond.

<u>A Default Judgment Will Be Granted as to Liability Only.</u>

       The Complaint seeks statutory damages of up to $2 million for each trademark willfully counterfeited and infringed and $150,000 for each copyright willfully infringed.  Plaintiffs' sanctions motion does not propose any damages award or injunctive relief.  The Court will direct plaintiffs to supplement their motion on the issue of damages and any other additional relief sought.  Anand will be given an opportunity to respond.

CONCLUSION.

It is hereby ORDERED that:

1. Plaintiffs' motion for sanctions is GRANTED and defendant Anand's Answer and Amended Answer are stricken. The Clerk is directed to enter a default judgment against Jonathan Anand as to liability.

2. No later than October 21, 2025, plaintiffs shall file a letter-brief setting forth their proposed damages and any other relief. Anand may file his response no later than November 13, 2025 and any reply by plaintiffs by November 20, 2025.

3. Plaintiffs are entitled to an award of reasonable expenses, including attorneys' fees. See Rule 37(b)(2)(C). No later than October 31, 2025, plaintiffs shall file a letter-motion with an affidavit in support setting forth their proposed reasonable expenses, including attorneys' fees, annexing all supporting documentation. Anand may respond no later than November 13, 2025 and any reply by plaintiffs by November 20, 2025.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
October 14, 2025