UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BRIAN DONNELLY a/k/a KAWS and KAWS
INC.,

                    Plaintiffs,

                                               21-cv-9562 (PKC)

        -against-                               ORDER

JONATHAN ANAND, individually and d/b/a
Homeless Penthouse, Penthouse Theory,
Hideout.NYC, Incognito and Young Neon,

                    Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        In an Order of October 14, 2025, this Court granted plaintiffs' motion to strike the answer of defendant Jonathan Anand and to enter default judgment against him pursuant to Rule 37(b)(2), Fed. R. Civ. P. (ECF 176.) The Court concluded that "Anand has fully obstructed the progress of this case and stonewalled plaintiffs' discovery requests," after receiving wide latitude to comply with the Court's discovery orders and being warned that continue non-compliance would result in the striking of his answer and entry of default judgment. (Id. at 16.) The Court directed plaintiffs to file a letter-brief setting forth their proposed damages and any other relief no later than October 21, 2025, with Anand to respond no later than November 13, 2025. (Id.) Plaintiffs timely filed a letter-brief, declaration, proposed Order and proof of service upon Anand. (ECF 178, 179, 180.)

        Anand, who is proceeding pro se, has filed no response. The Court therefore considers plaintiffs' damages submissions unopposed.

In a related proceeding, the Court concluded, following a bench trial, that plaintiffs' claims against Anand are nondischargeable bankruptcy debt in Anand's now-terminated Chapter 7 bankruptcy proceeding.  See Donnelly et al. v. Anand, 24 Civ. 6320 (PKC) (ECF 46).  The Court found that plaintiffs' infringement and counterfeiting claims against Anand under the Lanham Act and Copyright Act were premised on willful and malicious conduct, including evidence that Anand continued to offer for sale counterfeit products after plaintiffs commenced litigation against him.  (Id.; see also Oct. 9, 2025 Tr. 43-44.)

Plaintiffs seek an award of statutory damages under the Lanham Act, 15 U.S.C. § 1117(c)(2), which provides that if a defendant has willfully sold counterfeit goods using a plaintiff's registered mark, a court may award damages of "not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just."  Id. § 1117(c)(2). [1]

An award of statutory damages based on willful infringement should "accomplish the dual goals of compensation and punishment and, in particular, to emphasize that the trademark laws and court proceedings are not mere incidental costs to doing business in the profitable counterfeit trade."  Kipling Apparel Corp. v. Rhys, 2016 WL 8814346, at *3 (S.D.N.Y. May 20, 2016) (Sullivan, J.).  Higher statutory damages are warranted if there is evidence that a defendant is a repeat infringer who continued to engage in unlawful activity after receiving notice that his conduct was unlawful.  See John Wiley & Sons, Inc. v. Book Dog Books, LLC, 327 F. Supp. 3d 606, 634 (S.D.N.Y. 2018) (Pauley, J.) (denying remittitur motion after jury awarded $34.2 million in statutory damages).  "[C]ourts have noted that statutory damages are most appropriate when infringer nondisclosure during fact finding leaves damages

---

[1] Citing a desire to avoid the risk of double recovery, plaintiffs do not seek damages under the Copyright Act.  (See ECF 178 at 4 n.2.)

uncertain." Tiffany (NJ) LLC v. QI Andrew, 2015 WL 3701602, at *10 (S.D.N.Y. June 15, 2015) (Failla, J.) (quotation marks and brackets omitted) (collecting cases).

Plaintiffs seek statutory damages in the amount of $250,000 per counterfeit mark per type of good. (ECF 178 at 4.) Through the Supplemental Declaration of David Arkin, plaintiffs have identified 22 types of counterfeit KAWS goods sold by Anand, and items in each category of goods that bear at least two infringing KAWS marks. (Arkin Supp. Dec. ¶¶ 5, 8 & Ex. A.) The types of goods identified by Arkin include canvas art, furniture, art prints, rugs, decorative neon lights, plush toys, vinyl toys, backpacks and umbrellas, among other similar products. (Arkin Dec. ¶ 5.) With two infringing marks appearing on 22 different types of counterfeit goods, the proposed damage award totals $11,000,000. (See id.)

There is strong evidence demonstrating that Anand's counterfeiting activity was willful and knowing. This action was commenced on November 18, 2021. (ECF 1.) Anand continued to sell counterfeit KAWS items through 2022 and as late as February 2023, including through a "Homeless Penthouse" store on Instagram, the websites ShopHomeless.io and ShopHomeless.xyz, and Etsy.com. (24 Civ. 6320, ECF 38-3, 38-4, 38-5.) Anand's ongoing sales of counterfeit KAWS products while he was simultaneously defending this litigation is strong evidence that he engaged in counterfeiting activities despite knowing that his conduct was unlawful.

Anand's willfulness is underscored by his refusal to submit meaningful responses to plaintiffs' discovery requests throughout this litigation, as recounted in the Order of October 14, 2025. (ECF 176.) As detailed in that Order, Anand produced no documents and his written responses were evasive, contradictory and lacking in meaningful detail, even after the Court warned that continued non-compliance would result in the striking of the answer and entry of

default judgment.  (See id.)  "[T]the circumstances of the defendants' failure to discharge their discovery obligations and to comply with court orders bolsters the inference of willfulness." Mitchell Grp. USA LLC v. Udeh, 2017 WL 9487193, at *6 (E.D.N.Y. Mar. 8, 2017), R&R adopted, 2017 WL 3208532 (E.D.N.Y. July 28, 2017).

The Court concludes that an award of statutory damages in the amount of $100,000 against Anand per counterfeit mark per type of good sold, offered for sale or distributed is just and reasonable under 15 U.S.C. § 1117(c)(2).  The Court will enter Judgment against Anand in the amount of $4,400,000.00.  The Court concludes that this award is sufficient but not greater than necessary to punish Anand's willful counterfeiting, compensate plaintiffs and deter future acts of counterfeiting. [2]

The Court also concludes that plaintiffs are entitled to post-judgment interest pursuant to 28 U.S.C. § 1961(a).  See, e.g., Moonbug Entertainment Ltd. v. All Night Revelry Store, 2023 WL 116565, at *6 (S.D.N.Y. Jan. 6, 2023) (awarding post-judgment interest on infringement and counterfeiting damages), R&R adopted, 2023 WL 1402072 (S.D.N.Y. Jan. 31, 2023).

The Court will grant plaintiffs' application for permanent injunctive relief against further acts of counterfeiting and infringement of KAWS's registered trademarks and copyrights, both by Anand individually and doing business as Homeless Penthouse, Penthouse Theory, Hideout.NYC, Incognito and Young Neon.  See 15 U.S.C. § 1116; 17 U.S.C. § 502(a); Patsy's Italian Restaurant, Inc. v. Banas, 658 F.3d 254, 272-73 (2d Cir. 2011) (setting forth standard for injunctive relief).  That injunctive relief is set forth in the Final Judgment.

---

[2] The Court awarded statutory damages in a smaller amount against the so-called "Singapore Defendants," in the amount of $50,000 per infringing mark per type of good, for a total damages award of $900,000.  (ECF 114.)  A significantly higher award is warranted as to Anand given the scope and nature of his counterfeiting activities and the strong evidence of willfulness.

Plaintiffs have waived their right to recover reasonable attorneys' fees and expenses. (ECF 178 at 6.) Accordingly, no such fees and expenses will be awarded.

CONCLUSION

For the reasons explained, the Court awards plaintiffs statutory damages in the amount of $4,400,000.00. 15 U.S.C. § 1117(c)(2). Post-judgment interest will run in accordance with law. 28 U.S.C. § 1961(a). The Court will separately enter a Final Judgment setting forth monetary and injunctive relief.

The Clerk is respectfully directed to enter judgment for plaintiffs and to close the case.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       November 24, 2025