UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
BRIAN DONNELLY a/k/a KAWS and KAWS
INC.,                                                                            21-cv-9562 (PKC)

                Plaintiffs,                                         FINAL JUDGMENT

        -against-

JONATHAN ANAND, individually and d/b/a
Homeless Penthouse, Penthouse Theory,
Hideout.Nyc, Incognito and Young Neon,

                Defendant.
--------------------------------------------------------x

       Plaintiffs BRIAN DONNELLY a/k/a KAWS and KAWS, INC. (collectively, "Plaintiffs"), having commenced this action against, *inter alia*, JONATHAN ANAND, individually and d/b/a Homeless Penthouse, Penthouse Theory, Hideout.Nyc, Incognito and Young Neon ("Defendants") by the filing of a Summons and Complaint on November 18, 2021 (ECF 1);

       Plaintiff KAWS, Inc. being the registered owner of three trademarks (KAWS, XX and Head with XX eyes) as set forth in the following six valid and subsisting federal trademark registrations (collectively, "KAWS Registered Trademarks"):

| U.S. TM REG. NO. | TRADEMARK | REGISTRATION DATE |
|---|---|---|
| 6,046,763 | KAWS (Classes 6, 9, 14, 16, 18, 20, 25, 28) | May 5, 2020 |
| 6,047,656 | KAWS (Class 35) | May 5, 2020 |
| 6,102,259 | XX (Classes 6, 9, 18, 20, 25, 35) | July 14, 2020 |
| 6,102,260 | Head with XX eyes (Classes 25, 28) | July 14, 2020 |
| 6,116,823 | XX (Classes 18, 25) | August 4, 2020 |

| 6,852,850 | XX (Classes 14, 16, 28) | September 20, 2022 |

At all relevant times, Plaintiff KAWS, Inc. was the registered owner of the following two federal copyright registrations (collectively, "KAWS Registered Copyrights"):

| **COPYRIGHT REG. NO.** | **TITLE** | **REGISTRATION DATE** |
|---|---|---|
| VA 2-180-272 | Companion | Dec. 2, 2019 |
| VA 2-182-652 | BFF | Dec. 12, 2019 |

For the reasons set forth in the Court's Order of October 14, 2025 finding that Anand willfully failed to comply with this Court's discovery orders, and the Court having stricken Anand's answer and the Clerk having entered a default judgment as to liability by Anand in favor of Plaintiffs. (ECF 176 at 12, 17; ECF 177);

Plaintiffs having filed a letter-brief seeking damages and injunctive relief (ECF 178);

For the reasons set forth in a separate Order of this same date, the Court, having considered Plaintiff's letter-brief, the Supplemental Declaration of David Arkin in support of Statutory Damages and Injunctive Relief, and upon all other pleadings and papers on file in this action, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1.  that Plaintiffs Brian Donnelly a/k/a KAWS and KAWS Inc. have judgment against Jonathan Anand, both individually and doing business as Homeless Penthouse, Penthouse Theory, Hideout Nyc, Incognito and Young Neon, in the amount of $4,400,000.00;

2.  that post-judgment interest will run in accordance with 28 U.S.C. § 1961(a);

3.  that within 15 (fifteen) days of the date of this Final Judgment, Anand and each of the officers, agents, servants, employees, successors and assigns associated with any entity with which

he is involved, and all persons acting in concert with or under the direction, in whole or in part, of Anand, regardless of whether located in the United States or outside the United States, are permanently enjoined and restrained from:

> i.    Using or utilizing any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights, or any reproductions, counterfeit copies, or colorable imitations thereof in any manner whatsoever in connection with the distribution, marketing, advertising, offering for sale, or sale of any good, product, merchandise and/or work of art (collectively, "Products") that is not a genuine KAWS Product or not authorized by Plaintiffs, pursuant to a written agreement with Plaintiffs, to be sold in connection with any of any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights;
>
> ii.    Using or utilizing any reproduction, counterfeit, copy, or colorable imitation of any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights, to identify any Products that have not been authorized by written agreement with Plaintiffs;
>
> iii.    Manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in any Products bearing or utilizing any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights, and/or marks and/or any Products that are confusingly or substantially similar to, identical to and/or constitute a counterfeit and/or infringement of any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights;
>
> iv.    Directly or indirectly infringing in any manner whatsoever any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights and/or damaging the goodwill or business reputation Plaintiffs;
>
> v.    Competing unfairly with Plaintiffs in any manner whatsoever;
>
> vi.    Utilizing or using any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights, or any other marks and/or Products that are confusingly or substantially similar to any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights, on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in any Products utilizing or bearing any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights;
>
> vii.    Secreting, concealing, destroying, altering, selling off, transferring, removing, or otherwise disposing of and/or dealing with: any Products utilizing or

bearing any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights; any computer files, data, business records, documents or any other records or evidence relating to:

    a.    Any of the Defendants' User Accounts;[1]

    b.    Any of the Defendants' Merchant Storefronts;[2]

    c.    Any of the Defendants' Assets;[3] and/or

    d.    The manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of any Products utilizing or bearing or infringing any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights, by any of the Defendants and by their respective officers, employees, agents, servants and all persons in concert or participation with any of them; and

viii.    Shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, any Products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear or utilize any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights or any reproductions, counterfeit copies, or colorable imitations thereof;

ix.    Effecting assignments or transfers, forming new entities or associations or creating and/or utilizing any other platforms, User Accounts, Merchant Storefronts, or device(s) or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of any Products utilizing or bearing any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this Final Judgment;

---

[1] "User Accounts" is defined as: Any and all websites and any and all accounts with online marketplace platforms ("Online Marketplace Platforms") which include without limitation, Amazon, eBay, Etsy, AliExpress, Rakuten, Alibris, Shopee, Lazada, Taobao, Flipkart, Walmart, Newegg, Wayfair, Mercado Libre, and Cdiscounts, as well as any and all as yet undiscovered accounts and websites held by or associated with any of the Defendants, their respective officers, employees, agents, servants and all persons acting in concert or participation with any of them.

[2] "Merchant Storefronts" is defined as: Any and all User Accounts through which any of the Defendants, their respective officers, employees, agents, servants and all persons in concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Products utilizing or bearing any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights, which are held by or associated with any of the Defendants, their respective officers, employees, agents, servants and all persons in concert or participation with any of them.

[3] "Assets" is defined as: Any and all funds, money, securities or other property or assets of any of the Defendants, whether said assets are located in the United States or outside the United States.

  x. Passing off, inducing, or enabling others to sell or pass off any Product as a genuine KAWS Product or any other Product produced by KAWS, that is not a genuine KAWS Product or not produced under the authorization, control, or supervision of KAWS and approved by KAWS for sale under any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights, pursuant to a written agreement with KAWS;

  xi. Using, linking to, transferring, selling, exercising control over, or otherwise owning any User Accounts and/or Merchant Storefronts, or any other device that is being used to sell or is the means by which any of the Defendants could continue to sell counterfeit KAWS Products;

  xii. Engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Plaintiffs' business reputation or weaken the distinctive quality of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights, the KAWS name, reputation or goodwill;

  xiii. Committing any acts calculated to cause consumers to believe that any Products are those sold under the authorization, control or supervision of KAWS, or are sponsored by, approved by, or otherwise connected with KAWS;

  xiv. Using a false description or representation including words or other symbols tending to falsely describe or represent their unauthorized goods as being those of KAWS or sponsored by or associated with KAWS and from offering such goods in commerce;

  xv. Infringing or diluting the KAWS Registered Trademarks and/or the KAWS Registered Copyrights by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products bearing any simulation, reproduction, counterfeit, copy or colorable imitation of any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights;

  xvi. Using any simulation, reproduction, counterfeit, copy or colorable imitation of the KAWS Registered Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to KAWS, or to any goods sold, manufactured, sponsored or approved by, or connected with KAWS;

  xvii. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any goods and/or services provided, products manufactured, distributed, sold

or offered for sale, or rented by Defendant are in any way associated or connected with KAWS, or is provided, sold, manufactured, licensed, sponsored, approved or authorized by KAWS;

xviii. Engaging in any conduct constituting an infringement of any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights, of KAWS' rights in, or to use or to exploit, said trademark and/or copyrights, or constituting any weakening of KAWS' name, reputation and goodwill;

xix. Using or continuing to use any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights or trade names or in any variation thereof on the Internet, either in the text of a website, as a domain name, or as a keyword, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index, in connection with any goods or services utilizing or bearing the KAWS Registered Trademarks and/or the KAWS Registered Copyrights;

xx. Operating and/or hosting websites and any other domain names registered or operated by any of the Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any Product bearing or utilizing any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights or any reproductions, counterfeit copies, or colorable imitations thereof that is not a genuine KAWS product or not authorized by Plaintiffs, pursuant to a written agreement with Plaintiffs, to be sold in connection with any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights;

xxi. Hosting or acting as Internet Service Provider for, or operating or engaging in the business of selling any web site or other enterprise that offers for sale any goods or products utilizing or bearing any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights;

xxii. Acquiring, registering, maintaining or controlling any domain names that include any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights or any marks or images confusingly similar thereto, activating any website under said domain names, or selling, transferring, conveying, or assigning any such domain names to any entity other than KAWS;

xxiii. Using any e-mail address(es) to offer for sale any nongenuine products or goods bearing or utilizing counterfeits of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights; and

xxiv. Having any connection whatsoever with any websites or social media accounts that offer for sale any merchandise bearing or utilizing counterfeits or infringements of any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights; and

4. **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that within 15 (fifteen) days of the date of this Final Judgment, Anand must deliver up for destruction to Plaintiffs any and all Products utilizing or bearing any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights, and any and all packaging, molds, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Anand or any of the Defendants that infringe any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights, and/or utilize or bear any marks and/or artwork that are confusingly or substantially similar to any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights, pursuant to, *inter alia*, 15 U.S.C. § 1118 and 17 U.S.C. § 503; and

5. **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that each of the Defendants, their respective officers, agents, servants, employees, successors and assigns, and all persons acting in concert with or under the direction, in whole or in part, of any of the Defendants, regardless of whether located in the United States or outside the United States, are permanently enjoined and restrained from instructing, directing, aiding or abetting, directly or indirectly, any person or entity in engaging in any of the activities referred to in Paragraphs 2 and 3 above; and

6. **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that within 15 (fifteen) days of the date of this Final Judgment, each and all of the Defendants shall take all steps necessary to remove from all websites in which any of the Defendants own or control, in whole or in part, directly or indirectly, all text, images or any other media whatsoever utilizing or bearing any of the KAWS Registered Trademarks and/or the KAWS Registered Copyrights or any marks or images confusingly similar hereto; and

7. **IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, that within thirty (30) days of the date of this Final Judgment, Anand shall file and serve Plaintiffs with a sworn statement setting forth in detail the manner and form in which each of the Defendants has complied with this Final Judgment, including without limitations, its injunctive provisions; and

8. **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that any failure by any of the Defendants to comply with any of the terms of this Final Judgment shall be deemed contempt of Court, subjecting the Defendants to contempt remedies to be determined by the Court, including without limitation, fines and seizures of property; and

9. **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that until Plaintiffs have recovered full payment of monies owed by any of the Defendants pursuant to this Final Judgment, Plaintiffs shall have the authority and/or ongoing authority to serve this Final Judgment on any Online Marketplace Platforms and/or on any Merchant Storefronts in the event that Plaintiffs identify and/or locate any User Accounts controlled and/or operated, in whole or in part, by any of the Defendants; and

10. **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that upon receipt of this Final Judgment by any Online Marketplace Platform and/or by any Merchant Storefront, such Online Marketplace Platform and/or Merchant Storefront, shall within two (2) business days:

>i. Locate all accounts, funds and/or User Accounts connected to any of the Defendants;
>
>ii. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or any other of the Defendants' Assets; and
>
>iii. Release all monies restrained in any of the Defendants' accounts to Plaintiffs as partial payment of the damages set forth in this Final Judgment, within ten (10) business days of receipt of this Final Judgment.

11.     **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that as the Court finds that the Defendants' acts constitute willful and/or malicious injury to Plaintiffs and/or their property under 11 U.S.C. § 523(a)(6), the sums awarded to Plaintiffs herein are not dischargeable in any bankruptcy proceeding filed by any of the Defendants; and

12.     **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction over this matter and the parties, including without limitation personal jurisdiction and subject matter jurisdiction, for purposes of enforcement, interpretation and construction of this Final Judgment.

**SO ORDERED.**

SIGNED this 24th day of November, 2025.

_____
P. Kevin Castel
United States District Judge